22355. CARRUTHERS *v.* CITY OF HAWKINSVILLE.

608

Decided February 24, 1933.

*H. E. Coates, D. C. Chalker, Lawson & Ware,* for plaintiff.
*Thomas S. Felder, Marion Turner,* for defendant.

Stephens, J. The syllabus above represents the view of the majority of the court. I concur only in paragraphs 2 and 4 of the decision. I dissent from paragraphs 1, 3, and 5. My opinion follows:

Under the law of this case, as announced by this court in *Carruthers* v. *Hawkinsville,* 42 *Ga. App.* 476 (156 S. E. 634), in which the judgment of the trial court sustaining a general demurrer to the petition was reversed, the petition set out a cause of action. Whether the plaintiff afterwards amended the petition to correct what was held to be a defect in the petition in failing to set forth the origin of the fire which, it was alleged, caused the death of the decedent, or "to set forth any reason why such information could not be furnished," the petition, nevertheless, under an application of the law of the case as laid down in the decision referred to, set out a cause of action, and it was error for the trial court afterwards to dismiss the petition upon the ground that an amendment thereto filed by the plaintiff did not set forth the origin of the fire which it was alleged caused the decedent's death, or show "any reason why such information could not be furnished."

There being nothing in the workmen's compensation act (Ga. L. 1920, p. 167) and the amendments thereto, or elsewhere in the statutes of this State, which denied to a deceased employee of a municipal corporation, or his legal representative, any right, either at common law or by statute, to recover of the employer any damage arising out of injuries to the employee caused by the negligence of the employer, the right to recover for such injury, or homicide, is not exclusively under the compensation act, but there also exists, by virtue of the provisions of the statutes of this State, as codified in section 4424 of the Michie Code of 1926, a right in the person des-

ignated by such statutes, to recover of the employer damages for the homicide of the employee, caused by the employer's negligence.

The workmen's compensation act, approved August 17, 1920 (Ga. L. 1920, p. 167), in so far as it affords to an injured employee compensation from his employer, is not inconsistent with the preservation to the employee of any right at common law or by statute to recover damages from his employer for injuries caused by the employer's negligence. It is possible for the two rights to exist concurrently. Therefore, unless the compensation act, by its express, provisions or by necessary interpretation, deprives an injured employee, entitled to compensation, of his right otherwise, either at common law or by statute, to recover damages from an employer for the injury sustained, this right is still reserved to the employee. The act provides that employees, with the exception of employees of municipal corporations and political subdivisions of the State as provided in section 8 of the act, do not come under the act unless they have *"accepted"* the provisions of the act. See sections 4 and 5 of the act. The act provides, in section 8, that "neither any municipal corporation within the State, nor any political subdivision thereof, nor any employee of any such corporation or subdivision shall have the right to reject the provisions of this act relative to payment and acceptance of compensation; and the provisions of sections 5, 6, 16, 17, and 18 shall not apply to them." As applied to employees of municipal corporations and political subdivisions, their right to come under the act is mandatory and unconditional. This right does not depend upon such employee's acceptance of the act. Therefore, if, by reason of coming under the act, such employees are deprived of the right to recover of their employer at common law or by statute otherwise than under the act, such privation is involuntary on their part, and is not as a result of their coming under the act by an acceptance of its provisions. It would seem, therefore, as respects employees of municipal corporations and political subdivisions who come under the act, not by virtue of their acceptance of the provisions of the act, but by virtue of its mandatory provisions, the act should not be construed as depriving such employees of their right, existing at common law or by statute otherwise than by the compensation act, to sue the employer for damages for injuries received as a result of the employer's neg-

ligence, unless the act, either expressly or by necessary interpretation, deprives such employees of this right.

The only employees who are prevented by the express terms of the act from recovering at common law, or otherwise than under the act, damages from the employer for injuries caused by the employer's negligence are employees who, under the terms of the act as contained in section 12, "have accepted the provisions of this act," and such employees are not employees of municipal corporations or political subdivisions of this State. Section 12 reads as follows: "That the rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise on account of such injury, loss of service or death." Where the act expressly provides that the employees of municipal corporations can not reject the act, but that other employees can, an express provision in section 12 of the act, that employees who do not reject the act, and who therefore come under the act, are deprived of their remedies at common law or otherwise by statute against the employer for the same injury, must necessarily be construed as prohibiting such right to sue at common law or otherwise by statute only to those who have the right to elect whether they shall come under the act, and who have so elected by not rejecting the act. Where the act is silent as respects the rights of an employee of a municipal corporation, who can not reject the provisions of the act, to sue the employer at common law or otherwise by statute for damages for the same injury, the act, under the application of the maxim expressio unius est exclusio alterius, must be construed as not intending to deprive employees of municipal corporations, who can not reject the act, of their right to sue their employers at common law, or otherwise by statute, for damages for the same injury.

It would seem therefore that, since the act in express terms deprives only employees accepting the provisions of the act and thereby electing to come under the act of their remedies at common law, and otherwise than as provided in the act, and does not expressly exclude such remedies to employees, such as employees of municipal corporations and political subdivisions, who have not "accepted the

provisions" of the act, but who come under the act by its mandatory terms, the act does not deprive employees of municipal corporations of their right to sue at common law, or by statute otherwise than under the compensation act, the employer for damages for injuries due to his negligence.

The status of an employee as respects his right to compensation by virtue of his having accepted or rejected the act must be determined before an injury occurs. The provision in section 8 that the employee of a municipal corporation shall have no "right to reject the provisions" of the act operates to fix the employee's status before he receives a compensable injury, as one entitled to compensation under the act, and does not deprive him of any right which he may otherwise have, whether cumulative or alternative, to recover for the same injury. Therefore the institution of a suit by an employee of a municipal corporation against the corporation, to recover at common law, or by statute otherwise than under the compensation act, for an injury caused by an act of his employer, is not a rejection of the provisions of the act, and section 8 does not prohibit such election. The institution of the suit is an election made, after the receipt of the injury, to pursue a remedy of which the employee has not been deprived by the compensation act.

While section 8 of the act, which declares that employees of municipal corporations and political subdivisions can not "reject the provisions" of the act, provides that section 17 of the act shall not apply to such employees, this provision must be taken as meaning that section 17, which saves to an employee only who *elects not to operate under this act*" the right to sue the employer at common law or otherwise than under the act, shall not apply to employees of municipal corporations and political subdivisions referred to in section 8, and does not save this right to them, but only saves it to employees who "elect not to operate" under the act. As respects an employee of a municipal corporation who has no right to reject, the provisions of the act, section 17, which does not apply to them, must be regarded as if it had never been placed in the act. Therefore, treating section 17 as being eliminated, the act by its terms neither saves to an employee of a municipal corporation nor deprives him of any right which he may have at common law, or otherwise than under the compensation act, to proceed against his employer for damages for injuries sustained arising out of and in the course of

the employment. The plaintiff, as the administratrix of the deceased employee, had the right conferred by statute (Ga. L. 1924, p. 60, Michie's Code (1926), § 4424), to recover of the defendant, which is a municipal corporation of this State, damages for the tortious homicide of the deceased as a result of the defendant's negligence, notwithstanding there may have existed a right in the plaintiff as administratrix to recover of the defendant compensation as provided under the compensation act. In my opinion the court erred in sustaining the demurrer to the petition, and in dismissing the petition.