30498. BARTRAM *v.* CITY OF ATLANTA.

DECIDED JUNE 22, 1944.

*Robert B. Blackburn,* for plaintiff.

*J. C. Savage, E. L. Sterne, J. C. Murphy, Bond Almand, Ralph Williams,* for defendant.

GARDNER, J. The plaintiff sued the City of Atlanta in the superior court, claiming damages as a result of the city's negligence. The allegations of the petition set forth that the plaintiff was em-

ployed by the city as a clerk at Battle Hill Sanitorium; that while so employed she, without fault, stepped into an excavation or pit while in the discharge of her duties as employee; that the city, through its agents and employees, had left the excavation in such condition that it amounted to a death-trap which could not be observed by the plaintiff in the exercise of due care; and that as a result of such negligence she received injuries which caused her physical and mental pain and suffering. The city filed demurrers to the petition as follows: (1) That no cause of action was set forth; (2) that it appeared from the petition that the operation of Battle Hill Sanitorium was a governmental function, and therefore the city was not liable for the acts of its agents and employees; (3) that it appeared from the petition that the acts of negligence relied upon were the acts of a fellow servant or employee. The trial judge sustained ground 1 of the demurrer, and dismissed the petition. The judgment on the demurrer further states, "Grounds Nos. 2 and 3 are not passed upon." To the judgment sustaining the demurrer the plaintiff excepted.

■ It is contended that if the superior court was without jurisdiction because the alleged cause of action, if any existed, was determinable by the Board of Workmen's Compensation under the provisions of the workmen's compensation act, a special plea to the jurisdiction was the proper procedure to determine the question, and not a general demurrer. In *Carruthers* v. *Hawkinsville,* 46 *Ga. App.* 607 (4) (168 S. E. 120), this court held: "The failure of the petition to set out a cause of action in the plaintiff for the tortious homicide of the deceased by the defendant, because the rights of the parties are determinable solely under the compensation act, constitutes a defect which can be reached by a general demurrer or a motion to dismiss in the nature of a general demurrer, which can be made at any time." Many other decisions to the same effect will be found in the notes to Ga. Code Ann., § 81-304, catchword "Jurisdiction." There is no merit in this contention.

■ The word "accident" as used in the Code, § 114-102, includes an injury resulting from the negligence of the employer which affords a right of action at common law. *Teems* v. *Enterprise Manufacturing Co.,* 41 *Ga. App.* 708 (154 S. E. 466); *Horn* v. *Planters Products Co.,* 40 *Ga. App.* 787 (151 S. E. 552). The

contention that because the allegation of the petition set forth a tortious act and not an accident within the contemplation of the workmen's compensation act is without merit.

■ Under the provisions of the Code, § 114-109, any municipality within the State, as well as the employees of such subdivisions must operate under the provisions of the act. They are subject to its provisions involuntarily. *Employers Liability Assurance Corp.* v. *Henderson,* 37 *Ga. App.* 238 (139 S. E. 688); *Petty* v. *College Park,* 63 *Ga. App.* 455 (11 S. E. 2d, 246); *Carruthers* v. *Hawkinsville,* supra.

■ It is contended by counsel for the plaintiff that since the provisions of the workmen's compensation act do not provide compensation for pain and suffering, under the petition in the instant case the provisions of the workmen's compensation law do not apply. This assignment is based on the contention that the legislature did not intend, in the passage of the workmen's compensation act, to exclude a recovery, in a case of negligence on the part of the employees, for mental pain and suffering. Since the status of municipalities and employees thereof are under the provisions of the act by operation of law rather than by acceptance or rejection, the rights and liabilities as applied to municipalities and employees thereof, are the same as those which apply to employees and employers who come under the provisions of the act by acceptance. Therefore it follows that the provisions of the Code, § 114-103, apply to municipalities and the employees thereof. That section reads as follows: "The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this title, agreeing respectively to accept and pay compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death." Therefore it follows that if the plaintiff in this case is entitled to compensation for the alleged injuries set forth in her petition, the Board of Workmen's Compensation has exclusive jurisdiction in the premises. Many of the questions argued here by counsel for the plaintiff in error have been passed upon and settled by the Supreme Court. In *City of Macon* v. *Benson,* 175 *Ga.* 502 (166 S. E. 26), the constitutionality of various provisions of the act as

it applies to municipalities was determined. For other decisions to the point that, under the provisions of the act a common-law action can not be maintained against the employer by the employee, see *Webb* v. *Tubize-Chatillon Corp.*, 45 *Ga. App.* 744 (165 S. E. 775); *Maloney* v. *Kirby*, 48 *Ga. App.* 252 (172 S. E. 683); *Patterson* v. *Curtis Publishing Co.*, 58 *Ga. App.* 211 (198 S. E. 102); *Blue Bell Globe Manufacturing Co.* v. *Baird*, 61 *Ga. App.* 298 (6 S. E. 2d, 83).

The court did not err in sustaining the general demurrer to the petition for any of the reasons assigned.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*