21768. CITY COUNCIL OF AUGUSTA et al. v. YOUNG.

SUBMITTED SEPTEMBER 11, 1962—DECIDED OCTOBER 1, 1962.

*Fulcher, Fulcher, Hagler & Harper*, for plaintiffs in error.
*Sanders, Thurmond, Hester & Jolles*, contra.

HEAD, Presiding Justice. Ellis Young, Jr., was employed by the City Council of Augusta as a member of the Augusta Fire Department on March 17, 1948. On August 1, 1958, he was injured in line of duty, from which injury he later became totally and permanently disabled. Having been a member of the Augusta Firemen's Pension Fund, and having paid his pro rata share into the fund during his employment, he sought retirement. His retirement became effective on March 21, 1960, and he commenced receiving one-half of his monthly pay, or the sum of $160 per month. Following his retirement, application was made by him to the State Workmen's Compensation Board for compensation benefits on the basis of his total and permanent disability, and he was awarded $30 per week. After the confirmation of the final award for workmen's compensation benefits, the City Council of Augusta directed the comptroller of the city to deduct from his pension the amount received by him under the workmen's compensation award. He brought a petition for mandamus to require the city council to pay to him

the full amount due as a pension. The case was submitted on a stipulation of facts. The trial judge granted the mandamus absolute, and the exception is to that judgment.

Under the stipulation of facts there is no controversy as to the eligibility of Young to receive the benefits of the Firemen's Pension of the City of Augusta, and the award by the State Workmen's Compensation Board, unless he is precluded from receiving both benefits for the same injury by the provisions of the Workmen's Compensation Law codified as *Code* § 114-103. This section is as follows: "The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Title, agreeing respectively to accept and pay compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death."

A municipal corporation is not given the right to accept or reject the provisions of the Workmen's Compensation Law, but is automatically placed in the category of an "employer" under the law. *Code Ann.* §§ 114-101, 114-109. The Court of Appeals, in *Bartram v. City of Atlanta,* 71 Ga. App. 313, 315 (30 SE2d 780), held that: "Since the status of municipalities and employees thereof are under the provisions of the act by operation of law rather than by acceptance or rejection, the rights and liabilities as applied to municipalities and employees thereof, are the same as those which apply to employees and employers who come under the provisions of the act by acceptance. Therefore it follows that the provisions of the *Code,* § 114-103, apply to municipalities and the employees thereof." The *Bartram* case dealt with the right of an employee to bring a common-law action for pain and suffering against the city.

The precise question presented by the present case has not been previously decided in this State by the Court of Appeals or this court. We have found little aid in the study of cases from other jurisdictions, since they were decided under the particular provisions of their statutes, which differ from the statutes of this State.

By the act of 1925 (Ga. L. 1925, pp. 867-872) there was created a Permanent Pension Fund for City Firemen of the City of Augusta, and an amount of 1½% of the monthly salary of each fireman was required to be deducted and deposited in this fund. In § 10 it was provided that "this Act shall be construed by all as a contract between the City of Augusta, Georgia, incorporated as the City Council of Augusta, Georgia, and any fireman who is now employed by the Fire Department of the City of Augusta, or who may hereafter be employed by the Fire Department of the City of Augusta." By an amending act of 1945 (Ga. L. 1945, pp. 782-786) contributions to the pension fund for firemen subsequently employed by the city were increased to 3% of their monthly salary, with the right to increase the deduction to 5% should the fund become depleted. The employment of Young occurred after the passage of this 1945 amendment, and deductions were made from his salary under its provisions. Under these facts a contract to pay a pension arose between the City Council of Augusta and Young, with considerations flowing from both parties. *Trotzier v. McElroy,* 182 Ga. 719, 723 (186 SE 817); *Bender v. Anglin,* 207 Ga. 108 (60 SE2d 756).

It is contended by counsel for the city that when the statute codified as *Code* § 114-103 was enacted in 1920 (Ga. L. 1920, pp. 167, 176), it was a general law pertaining to all municipal corporations in the State, which in effect became an amendment to the charter of each municipality. While we concede that this position is correct, *Code* § 114-103 does not in specific terms or by necessary implication provide that a fireman of a municipal corporation may not have a right to the contractual benefit of a pension under a municipal pension plan and compensation under the Workmen's Compensation Law. In 1953 (Ga. L. 1953, Jan. Sess., pp. 526-527) *Code Ann.* § 114-101 was amended by adding to the definition of "employee" the following: "All firemen and policemen whose compensation is paid by the State or any county or municipality, regardless of the method of appointment or employment, are hereby specifically included herein."

Since by clear and definite provisions of statutes municipal

firemen are included in the benefits of the Workmen's Compensation Law, and since no specific exception is made that firemen receiving a pension from a municipality are to be excluded from the general provisions of the compensation law, we conclude that the contractual right to a pension because of permanent disability caused by an injury incurred in the line of duty is not such a right or remedy as is excluded by *Code* § 114-103. Compare *Butler v. Lee*, 97 Ga. App. 184 (102 SE2d 498).

The trial judge properly held that the City Council of Augusta should pay the full pension to Young without deducting the amounts paid to him under the workmen's compensation award.

*Judgment affirmed. All the Justices concur.*