## 32671. WHITE v. CITY COUNCIL OF AUGUSTA.

MARSHALL, Justice.

The appellant was employed by the appellee as a City of Augusta policeman on August 12, 1966. On February 3, 1975, he was injured in line of duty, resulting in his permanent disability. He and the city entered into a lump-sum consent settlement of his workmen's compensation claim arising out of the injury. On December 6, 1976, the city council accepted his application for retirement on the basis of disability, but denied his application for pension benefits from the general retirement fund. In denying pension benefits, the appellee relied upon Section VII of the city charter (Ga. L. 1949, pp. 1070, 1076), which provides in part that "any amount or amounts received by way of a workmen's compensation award, excluding that portion of the award specifically covering medical, nursing and hospital expenses, shall be deducted from the amount of any pension arising out of such disability."

Thereupon, the appellant filed a petition for mandamus to require the city council to pay him the full amount of his pension undiminished by the set-off clause, retroactive to the date of his retirement. He appeals from the dismissal of his petition. *Held:*

The appellee city council was required by the above-quoted provisions of the city charter, the constitutionality of which has not been attacked, to set off from the pension benefits accruing to the appellant the amounts paid in the workmen's compensation lump-sum consent settlement. It is not contended, nor does the record show, that any portions of the award to be excluded under the charter provision (i.e., "specifically covering medical, nursing and hospital expenses") were erroneously set off against the accrued pension benefits.

The case of *City Council of Augusta v. Young,* 218 Ga. 346 (127 SE2d 904) (1962), urged by the appellant as authority for the proposition that he is entitled to his full pension benefits without having the workmen's compensation payments set off therefrom, is distinguishable in that the provision for pension benefits

in the city charter which was in effect in *Young* contained no set-off provisions, as does the charter in effect in the case sub judice.

Accordingly, the dismissal of the petition for mandamus was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED NOVEMBER 2, 1977.

*John D. Watkins,* for appellant.
*Stephen E. Shepard,* for appellee.