37479. VILLAGE CENTERS, INC. v. DeKALB COUNTY et al.

HILL, Presiding Justice.

In March of 1978 Village Centers, Inc., filed a conditional zoning application seeking to change the zoning classification of 9.29 acres on LaVista Road in DeKalb County from RA (residential, maximum density 8.7 units per acre) to C-1 Conditional, to allow the construction of a shopping center on the property. On May 23, 1978, after review by the DeKalb County Planning Department and the Planning Commission, the Board of Commissioners of DeKalb County denied the application to rezone the property to C-1 Conditional. On November 13, 1979, almost a year and a half later, Village Centers filed a complaint in equity challenging the constitutionality of the RA zoning. The trial court denied relief and Village Centers appeals.

1. The trial court first noted that Village Centers' evidence had consisted of facts as they existed at the time of trial, not as they had

---

existed at the time the county commissioners denied the rezoning application. Although the court concluded that the question before it was not whether the zoning was unconstitutional at time of trial but whether it was unconstitutional when the county commissioners denied the application, thus rendering the evidence presented by Village Centers irrelevant, alternatively the court considered that evidence. Applying the six tests set out in *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322, 323-24 (232 SE2d 830) (1977), the court held that the zoning was not unconstitutional.[1] We have reviewed the evidence and find that the trial court did not err.

2. In view of the fact that the trial court considered the evidence presented, which was current as of the date of trial and not as of the date of the denial of the application by the county commissioners, and nonetheless ruled against Village Centers, Village Centers' second enumeration of error is moot. We note, however, that in urging that the evidence at time of trial is that which is material, Village Centers cites Euclid v. Ambler Realty Co., 272 U. S. 365, 386 (47 SC 114, 71 LE 303) (1926), for the proposition that an application for rezoning was not a condition precedent to the suit in equity, and thus the issue was the constitutionality of the ordinance at the time of trial. While we agree that the issue is the constitutionality of the zoning ordinance as opposed to the constitutionality of the decision of the governing authority denying rezoning, we cannot agree that the filing of a rezoning application before the appropriate governing body is not a prerequisite to a suit in equity challenging the constitutionality of a zoning ordinance as applied to certain property. "Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law. . . ." Code Ann. § 37-120. Before litigants seek a declaration by a court of equity that a zoning ordinance is unconstitutional as applied to their property, they must apply to the local authorities for relief by rezoning.[2] In

---

[1] In ruling that the zoning was not unconstitutional, the trial court necessarily found that the constitutional challenge was raised before the county commissioners as required by *DeKalb County v. Post Properties,* 245 Ga. 214 (1) (263 SE2d 905) (1980); *McCamy v. DeKalb County,* 246 Ga. 293 (271 SE2d 214) (1980).

[2] We agree with the court in Bright v. City of Evanston, 10 Ill. 2d 178 (139 NE2d 270, 274) (1956), which, in distinguishing Euclid v. Ambler Realty Co., 272 U. S. 365, supra, on the basis that there the act was attacked as being void in its entirety, held that "[w]here the claim is merely that the enforcement or application of a particular classification to the plaintiff's property is unlawful and void, . . . judicial relief is appropriate only after available administrative remedies have been exhausted." We realize that this is apparently a minority rule, 3 Rathkopf, Law of Zoning and Planning, § 35-02[3] (1980), although some states may require exhaustion by statute.

addition to preventing unnecessary judicial intervention into local affairs, this is a matter of judicial economy because the county commissioners are empowered to grant complete relief by rezoning in accordance with the application while the court may declare unconstitutional those zoning classifications which are attacked, but may not rezone the property. *City of Atlanta v. McLennan,* 237 Ga. 25, 27-28 (226 SE2d 732) (1976).

3. The foregoing determination raises a second issue, which is: Following final action upon a rezoning application by the county commissioners, what time limit, if any, constrains the filing of a suit in equity challenging the constitutionality of the ordinance. Since no statutory provision is directly applicable and since Code Ann. § 37-103 provides that: "Equity is ancillary, not antagonistic, to the law; hence equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable," we look for an analogy in the law.

Although, as we have noted, a suit in equity to declare a zoning ordinance unconstitutional as applied to certain property is not an appeal either in form or in substance (in that, under present practice, the court makes a de novo determination based upon all the evidence presented to it and does not merely review the evidence before the commissioners), it is nonetheless appropriate to treat it as an appeal or petition for certiorari when considering time constraints on its filing lest the requirement of exhaustion be rendered wholly meaningless in that the facts have completely changed since the rezoning application was denied. Thus we look to statutes prescribing the time in which an appeal or petition for certiorari may be filed. Under Code Ann. § 69-827 and § 69-1211.1, parties wishing to appeal the grant or denial of a variance have 30 days in which to appeal. Furthermore, Code Ann. § 6-102 provides that *all* appeals to the superior court shall be filed within 30 days of the date of entry of the judgment, order, or decision complained of.[3] Petitions for writs of certiorari to the superior courts must be filed within 30 days (Code § 19-209). Petitions for review of decisions of administrative agencies under the APA must be filed within 30 days (Code Ann. § 3A-120). Appeals from the Board of Worker's Compensation to the superior courts must also be filed within 30 days (Code Ann. § 114-710). See also Code Ann. § 6-803 (a) (appeals from trial courts to the appellate courts — 30 days). The analogy provided by law is 30 days. Thus we

---

[3] In some instances, this time period is shortened by special statute. See Code Ann. § 97-115 (appeals from decisions of the Secretary of State acting as Commissioner of Securities).

180

conclude that, not only is an application for rezoning a prerequisite to filing suit (division 2), but after an application for rezoning is denied by the governing authority, any suit in equity attacking the zoning ordinance as applied to the property involved is time barred when no suit challenging the zoning classification is filed within 30 days of that decision.[4] The trial court did not err in denying relief.

*Judgment affirmed. Jordan, C. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 8, 1981 —
REHEARING DENIED SEPTEMBER 23, 1981.

*G. Douglas Dillard, Carl E. Westmoreland, Jr., M. Kathleen Lewis,* for appellant.
*James H. Weeks,* for appellees.

ON MOTION FOR REHEARING.

The questions appellants say are unanswered in this opinion will have to await cases in which those issues are raised.
*Motion for rehearing denied.*

---

[4] We do not decide whether any party opposing rezoning would have 30 days in which to file suit alleging that the grant of an application for rezoning was invalid because laches might raise an earlier bar. See *Whipkey v. Turner,* 206 Ga. 410 (57 SE2d 481) (1950).