### 40263. MARTIN et al. v. HATFIELD.

WELTNER, Justice.

1. Martin's application for mandamus absolute was denied because it was not filed within thirty days after the decision of the City Council of Columbus which declined to direct the building inspector to issue a building permit. The court relied upon our decision in *Village Centers v. DeKalb County,* 248 Ga. 177, 179 (3) (281 SE2d 522) (1981), where we held that although "a suit in equity to declare a zoning ordinance unconstitutional as applied to certain property is not an appeal either in form or in substance . . ., it is nonetheless appropriate to treat it as an appeal or petition for certiorari when considering time constraints on its filing. . . ." 248 Ga. at 179. Equating statutory requirements for filing of appeals and applications for certiorari, we held that a suit in equity challenging the constitutionality of a zoning ordinance as applied to certain property must be filed within thirty days after an application for rezoning is denied by the governing authority. 248 Ga. at 180.

The analogy in *Village Centers* (between a suit in equity to declare a zoning ordinance unconstitutional as applied to certain property, and appeals or applications for certiorari) was drawn "lest the requirement of exhaustion be rendered wholly meaningless in that the facts have completely changed since the rezoning application was denied." 248 Ga. at 179.

The concept of exhaustion of remedies is inapplicable to a complaint seeking mandamus to compel issuance of a building permit in accordance with an existing zoning ordinance. Because mandamus generally does not lie except to compel the performance of a public duty (OCGA §§ 9-6-20, 9-6-21 (Code Ann. §§ 64-101, 64-102)), it differs in its very nature from the relief sought in *Village Centers,* supra. There, of course, the complainant moved the court to declare a right theretofore unestablished, whereas here Martin seeks to enforce a right (the issuance of a building permit) which was established by the adoption of the rezoning ordinance. That right will not be defeated by the expiration of thirty days from the date of the refusal of a governing body to do that which it is already under obligation to do. As we decline to extend *Village Centers* to mandamus, Martin's complaint was timely.

2. The city council refused to compel issuance of a building permit to Martin because the council was of the opinion that Martin's

property had been rezoned upon representation by Martin's attorney, which was reflected in the minutes of the council, that no entrance or exit for the proposed apartment complex would be provided on Cherokee Avenue, and because Martin's submitted plans displayed such entrance and exit.

In *Ervin Co. v. Brown,* 228 Ga. 14, 15 (183 SE2d 743) (1971), we found a zoning ordinance to be conditional although no conditions were set out in the body of the ordinance for reason that the ordinance contained a recitation that it was enacted " 'pursuant with stipulations' " agreed upon by counsel for the applicant for rezoning, as reported in the minutes of the legislative body. 228 Ga. at 15.

The present case presents a differing circumstance, as the ordinance rezoning Martin's property is unconditional, although it is unquestioned that the minutes of the rezoning body recite: "Answering other questions, [Martin's lawyer] said no entrance or exits would be provided on Cherokee Avenue for the proposed new apartment complex." At a subsequent meeting, a unanimous resolution of the council observed that: "It was the intent of the Council in granting the rezoning that this, (no exits or entrances on Cherokee Avenue) is to be strictly adhered to."

Thus, we must determine whether or not an ordinance, unconditional upon its face and containing no reference to any stipulations or qualifications, can be converted into conditional zoning by discernment of the collective state of mind of the rezoning body at the time of adoption.

We must answer that inquiry in the negative. "[W]here, as here, the language of a code section is plain, unambiguous and positive, and is not capable of two constructions, no court has a right to construe it to mean anything other than what it declares, and this rule, of course, precludes the courts from construing it according to what is supposed to be the legislative intent." *Sirota v. Kay Homes,* 208 Ga. 113, 115 (65 SE2d 597) (1951).

We believe that this rule is required by orderly processes, as to adopt the converse would subject every ordinance, unconditional upon its face, to a jury determination as to legislative intent — whether or not reflected in official minutes of the law-making body. Stated differently, rezoning can be provided conditional upon such reasonable restraints as the governing body might determine, so long as they are set forth in the ordinance itself, or, as in *Ervin,* supra, so long as an examiner of the ordinance will be alerted to the existence of such conditions. Failing to state limitations or make reference thereto, the public is entitled to rely upon the four corners of the ordinance.

3. The governing authority urges that it has an equitable

defense to mandamus, and directs our attention to authorities of other jurisdictions, which impart to the extraordinary legal writ of mandamus a quasi-equitable nature. Even so, our courts have viewed mandamus to exist independent of equity, to the extent of denying equitable relief when mandamus provides an adequate remedy. *Wallis v. Staples,* 223 Ga. 256 (154 SE2d 207) (1967), and cases cited therein. Under the circumstances of this case, that argument is not without some appeal. Nonetheless, upon examination it is but another facet of the argument that an unconditional ordinance can be made conditional by reliance upon facts *dehors* the document itself — by raising contentions of fact to support a claim of estoppel or claimed equitable defenses. This contention alike must be rejected, and the ordinance understood to say neither more nor less than what it says.

Accordingly, Martin is entitled to the issuance of the building permit.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents.*

DECIDED NOVEMBER 16, 1983.

Hatcher, Stubbs, Land, Hollis & Rothschild, J. Madden Hatcher, Jr., for appellants.
E. Hardwick Polleys, Jr., for appellee.