74495, 74720. STROHECKER et al. v. GWINNETT COUNTY
POLICE DEPARTMENT et al. (two cases).

(357 SE2d 305)

DEEN, Presiding Judge.

These appeals had their origins on June 25, 1984, when American Telephone and Telegraph Technologies, Inc. (AT&T), fired Joseph Sun from his position as design engineer, prompting Sun and his wife to file a series of lawsuits against AT&T, Joseph Strohecker and Charles Heard (Sun's supervisors and the appellants in these cases), and other co-workers. These lawsuits variously alleged civil rights violations, terroristic phone calls, intentional infliction of emotional distress, fraud, breach of contract, slander, and conspiracy to "wrongfully ruin his life."[1] All of these actions eventually were dismissed.

Sun's wife, however, also filed a criminal complaint with the Gwinnett County Police Department claiming that Strohecker and Heard were making threatening phone calls to their home. Strohecker and Heard were arrested, fingerprinted, and detained. The charges were dismissed on July 19, 1984, when Sun's wife failed to appear at the scheduled preliminary hearing.

Strohecker and Heard somewhat wistfully note in their brief that "[t]hey have been shielded from further attack, at least temporarily, by Mr. Sun's detention by the federal authorities. [Mr. Sun was arrested by the Federal Bureau of Investigation in mid-December 1986. He was indicted for forgery, fraud, and mail fraud as a result of his alleged fraudulent alteration and use of a court order issued by Judge Robert Hall of the United States District Court for the Northern District of Georgia. After a hearing, Mr. Sun was denied bail. At last report, he was still incarcerated pending trial.] But, thanks to this *pro se* litigant gone berserk, Messrs. Strohecker and Heard now have ar-

---

[1] As noted by the appellants, "[t]o say Mr. Sun is an active *pro se* litigant is an understatement. He has had more than forty pending lawsuits in the Atlanta metropolitan area over the last several years. He also has a propensity for 'repetitive' litigation, in which he brings multiple or consecutive lawsuits relating to the same nucleus of operative facts, but based upon different legal theories or imagined 'conspiratorial' activities. In one case, Mr. Sun actually reached trial but received an adverse verdict. He then sued the judge, jury and opposing counsel, claiming that they 'conspired to commit the crime of depriving plaintiff of his civil right of access to the Rockdale County Superior Court.' "

rest and fingerprint records besmirching their previously pristine criminal files."

On March 28, 1986, Strohecker and Heard requested that the Gwinnett County Police Department expunge their criminal records and return their fingerprint records to them, but the Department denied the request, citing a policy requiring a court order before any criminal records would be expunged. Their appeal to the superior court was denied without a hearing, and Strohecker and Heard then filed both this direct appeal (Case No. 74495) and this discretionary appeal (Case No. 74720). *Held:*

1. OCGA § 35-3-37 (c) provides that in an appeal from an agency decision declining to purge or modify a person's criminal records, the superior court "shall conduct a de novo hearing and may order such relief as it finds to be required by law." A hearing is mandatory under the statute, and this case must be remanded to the superior court to conduct one.

2. OCGA § 5-6-35 (a) (1) generally requires applications for discretionary appeal of decisions of superior courts reviewing administrative agency decisions and lower courts by certiorari or de novo proceedings; an appeal from a superior court's review of a probate court decision, however, is excepted and remains a matter of direct appeal. Apparently because OCGA § 35-3-37 (c) provides that appeals such as in the instant case "shall be entered in the same manner as appeals are entered from the probate court," the appellants filed both direct and discretionary appeals. This matter involves an appeal of a superior court decision reviewing a decision of an agency, and requires the discretionary appeal procedures. Accordingly, the direct appeal must be dismissed.

*Case remanded with direction in Appeal No. 74720; Appeal No. 74495 dismissed. Birdsong, C. J., and Pope, J., concur.*

DECIDED MAY 13, 1987.

*John F. Wymer III, C. Geoffrey Weirich,* for appellants.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Daryl A. Robinson, Michael E. Hobbs, Assistant Attorneys General, George G. Dean II, Richard A. Carothers,* for appellees.