## A92A1631. ST. SIMONS ISLAND SAVE THE BEACH ASSOCIATION, INC. et al. v. GLYNN COUNTY BOARD OF COMMISSIONERS et al.
### (422 SE2d 258)

BEASLEY, Judge.

This is a direct appeal from an order of the Superior Court of Fulton County entered December 26, 1991. It denied a "Petition for Judicial Review of Agency Determination" and affirmed the decision of the administrative law judge of the Board of Natural Resources affirming the issuance of Shore Assistance Committee Permit No. 207 to Glynn County. See the Georgia Shore Assistance Act of 1979, OCGA § 12-5-230 et seq.

Appeals from decisions of the superior court reviewing decisions of state and local administrative agencies must be by application pursuant to OCGA § 5-6-35 (a) (1). The words "by certiorari or de novo proceedings" in OCGA § 5-6-35 (a) (1) relate only to the category "lower courts," and not, as appellants contend, also to the category "state and local administrative agencies," into which this case falls. This category includes cases governed by the Administrative Procedure Act, which provides for judicial review by a superior court in OCGA § 50-13-19.

Further judicial review is not of right. Such is the legislative intent, as articulated by the Supreme Court in *Citizens &c. Nat. Bank v. Rayle*, 246 Ga. 727, 730 (273 SE2d 139) (1980): "The clear intent of section (a) (1) . . . was to give the appellate courts . . . the discretion not to entertain an appeal where the superior court had reviewed a decision of certain specified lower tribunals. . . ." A reason for this summary procedure is "to permit the appellate courts to expeditiously review decisions of the superior courts reviewing decisions of administrative agencies without issuing an opinion in every such case. [Cit.]" *Tri-State Bldg. & Supply v. Reid*, 251 Ga. 38, 39 (302 SE2d 566) (1983).

This fast track procedure serves the philosophy that case management be "speedy, efficient, and inexpensive," in the words of the 1983 Georgia Constitution, Art. VI, Sec. IX, Par. I. If appellants had followed the correct procedure, they would have had such an initial review by this Court soon after an application by them in late December or early January. If we decided that full review was unnecessary, they would have saved not only months of time but also the cost of preparation of the record, enumerations of error, and brief. In addition, the work of the clerk of the superior court would have been avoided. Her certificate states that "[t]he delay in this record being transmitted to the Court of Appeals is due to a heavy back-log in the Appeals Section." The case was docketed in the Court of Appeals on May 13.

No application for appeal having been made in this case, this Court is without jurisdiction to entertain it. *Risner v. Ga. Dept. of Labor*, 168 Ga. App. 242 (308 SE2d 582) (1983).

Even if this Court were to treat the matter as appropriate for a direct appeal, which it cannot do despite appellants' urging, it is still fatally defective. The decision sought to be reviewed was entered on December 26, 1991, and the notice of appeal was not filed until January 28, 1992, outside the time permitted by OCGA § 5-6-38.

*Appeal dismissed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*R. Gray Wainwright,* for appellants.

*Michael J. Bowers, Attorney General, Isaac Byrd, Robert S. Bomar, Senior Assistant Attorneys General, W. Gary Moore, King & Spalding, Patricia T. Barmeyer,* for appellees.