S95A1592. POWELL v. CITY OF SNELLVILLE et al.

(467 SE2d 540)

HINES, Justice.

The question is whether or not the property owner in this case had to file an application for rezoning with local authorities before seeking a judicial determination of the constitutionality of the property's zoning.

Mrs. Powell is the owner of an 11.16-acre tract of land in Gwinnett County. Powell planned to sell the tract for development as a parking facility for a shopping mall to be built on adjacent property. Powell's property was annexed into the City of Snellville in July 1993, without assigned zoning. In September 1993, the Mayor and City

Council (City) filed an application to zone the property. Over Powell's objection, the City assigned Office and Institutional (O & I) zoning and imposed a condition that prohibited the property from being used as a parking lot for the planned mall. Powell appealed the zoning decision to the superior court. While the suit was pending, the City filed an application for a rezoning of the property from O & I to Neighborhood Business (BN). At the hearing on the application on June 20, 1994, Powell opposed the City's application for rezoning, arguing the impropriety of the proceeding in the face of the pending litigation and that the BN zoning violated her constitutional rights of due process and equal protection. During the proceeding, the City voted to rezone the property BN and again to impose a condition preventing use as a parking lot for the proposed mall.

On July 20, 1994, Powell filed the present action against the Mayor, the City, and the Director and Members of the Planning Commission of the City of Snellville, asserting that the rezoning decision was arbitrary, capricious, without justification, and violative of the State and Federal Constitutions. The superior court granted summary judgment in favor of defendants on four counts of the complaint which asserted constitutional challenges. Relying on *Village Centers v. DeKalb County*, 248 Ga. 177 (281 SE2d 522) (1981), the court concluded that Powell was precluded from attacking the zoning as unconstitutional because she had failed to first apply to the City for rezoning. We granted discretionary appeal, and we reverse.

In *Village Centers*, this Court determined that a litigant must first apply to the local authorities for relief by rezoning before seeking a declaration by a court of equity that a zoning ordinance is unconstitutional as applied to the litigant's property. Id. at 178 (2). This requirement to exhaust administrative remedies in such circumstance prevents unnecessary judicial intervention into local affairs and promotes judicial economy because the county commissioners, unlike the court, have the power to grant the rezoning relief sought. Id. at 179 (2). The rule also recognizes the effect of a legal remedy on the exercise of equity jurisdiction, that is, "[e]quity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law." OCGA § 23-1-4; *Village Centers* at 178 (2).

However, even when there is a remedy provided by law, a court in equity will not require pursuit of the remedy if to do so would be a futile act. *Glynn County Bd. of Ed. v. Lane*, 261 Ga. 544, 545 (1) (407 SE2d 754) (1991); *Bedingfield v. Parkerson*, 212 Ga. 654, 660 (4) (94 SE2d 714) (1956). Here, it is plain that it would have been in vain for Powell to first seek an application for the rezoning she sought. The City twice zoned her property over her protests, the second time in the face of pending litigation. What is more, it purposefully placed restrictions on the property's use which would thwart what the City

knew Powell planned to do with the property. To require Powell to seek yet another review by the City on the same issue would require a useless act. See *WMM Properties v. Cobb County*, 255 Ga. 436, 440 (3) (339 SE2d 252) (1986).

When, as in this case, the property owner seeking to declare a zoning classification invalid gives the local authorities fair notice that a constitutional challenge is being raised and files suit within 30 days of the local authorities' final act on the zoning issue, the property owner need not apply to the local authorities for a change of zoning as a prerequisite to a judicial determination of the zoning's constitutionality when it would be futile to make the application. See *OS Advertising Co. v. Rubin*, 263 Ga. 761, 763 (3) (438 SE2d 907) (1994); *Moon v. Cobb County*, 256 Ga. 539 (350 SE2d 461) (1986); *Village Centers*, supra at 179 (3).

The grant of summary judgment in favor of defendants on the four counts of Powell's complaint asserting constitutional challenges is reversed, and the case is remanded to the superior court for consideration consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur, except Fletcher, P. J., who concurs in the judgment only.*

DECIDED MARCH 4, 1996.

*Webb, Tanner & Powell, Anthony O. L. Powell, Robert J. Wilson,* for appellant.

*Jenkins & Eells, Frank E. Jenkins III, Jenkins & Nelson, Peter R. Olson, Lee W. Oxendine,* for appellees.