## S00A0269. DUNLAP v. CITY OF ATLANTA.
### (531 SE2d 702)

THOMPSON, Justice.

In this direct appeal from the superior court's review of a disputed pension issue, we must decide whether appellant should have followed the requisite procedures for discretionary review. We answer this question affirmatively and dismiss the appeal.

Appellant Joe Dunlap worked for the City of Atlanta Public Works Department from 1967 until 1985 when he was injured on the job. Dunlap was awarded workers' compensation benefits, a portion of which was to be paid directly to his attorney as attorney fees. Upon his subsequent retirement, Dunlap was also awarded in-line-of-duty disability pension benefits.

The City reduced Dunlap's pension benefits pursuant to a setoff provision in its 1978 Pension Plan Act. In pertinent part, that provision states that "the total benefits payable under this pension Act when combined with compensation benefits payable under [Workers'] Compensation Laws shall not exceed one hundred percent (100%) of such employee's salary at the time of his retirement." Ga. L. 1978, pp. 4546, 4550. Dunlap's total benefits exceeded his salary at retirement, and the City reduced his pension accordingly.

Asserting that it was unconstitutional for the City to calculate the amount of setoff by including the amount paid directly to his workers' compensation attorney,[1] Dunlap filed a declaratory judgment action in superior court. The City moved for summary judgment, and the superior court granted the motion, holding that the City's method of setoff was not unconstitutional because Dunlap never had a vested right to attorney fees.[2] Dunlap filed this direct appeal from the superior court's decision.

Dunlap could have sought review by the Board of Trustees, and

---

[1] Dunlap asserts that the City's method of setoff was unconstitutional because it violated equal protection and due process.

[2] See generally *White v. City Council of Augusta*, 240 Ga. 120 (239 SE2d 532) (1977).

he could have appealed the City's decision to the superior court;[3] however, he chose not to do so. Instead, he filed a declaratory judgment action in superior court. That Dunlap could have sought review of the City's decision attests to the fact that the City's decision was administrative. We conclude, therefore, that the City's decision to setoff Dunlap's benefits was a local administrative decision.

It is axiomatic that an appeal from a superior court's review of an administrative decision must be made through an application for appeal. See OCGA § 5-6-35 (a) (1), (b); *City of Atlanta Bd. of Zoning Adjustment v. Midtown North*, 257 Ga. 496 (360 SE2d 569) (1987); *St. Simons Island Save the Beach Assn. v. Glynn County Bd. of Commrs.*, 205 Ga. App. 428 (422 SE2d 258) (1992). This requirement applies even where, as here, an administrative decision is attacked by way of a declaratory judgment action. See *Miller v. Ga. Dept. of Public Safety*, 265 Ga. 62 (453 SE2d 725) (1995) (appellant must follow discretionary appeal procedures if underlying subject matter involves an administrative determination); *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994) (same). And it applies to appeals of local governmental department decisions even if no administrative appeal was taken. See *Strohecker v. Gwinnett County Police Dept.*, 182 Ga. App. 853 (357 SE2d 305) (1987) (dismissing direct appeal of superior court's ruling that reviewed a police department decision).

Because the underlying subject matter of Dunlap's appeal — the City's decision to setoff his benefits — is an administrative decision, and because Dunlap failed to file an application for appeal, this Court lacks jurisdiction and the appeal must be dismissed. *Miller*, supra; *St. Simons Island Save the Beach Assn.*, supra at 429 (citing *Risner v. Ga. Dept. of Labor*, 168 Ga. App. 242 (308 SE2d 582) (1983)). Dunlap should not be permitted to file a direct appeal simply because he chose to bypass administrative review. Whether an appeal is direct or discretionary is not a matter for Dunlap to decide. See generally *OS Advertising Co. v. Rubin*, 267 Ga. 723, 725 (482 SE2d 295) (1997) (litigants should not be permitted to control appellate procedure contrary to legislative intent).

*Appeal dismissed. All the Justices concur, except Fletcher, P. J., Hunstein and Carley, JJ., who dissent.*

---

[3] The Board of Trustees has the power to reconcile disputes over decisions affecting City employees' pension benefits. The Pension Code empowers the Board of Trustees "to reconcile conflicts . . . and to provide for the equitable disposition of any matter." Ga. L. 1982, pp. 4385, 4389; City Pension Code § 6-141. The Pension Code provides further for review in the superior court by writ of certiorari and states that "[t]he method of appeal as provided herein shall also serve as the method by which all other disputed pension questions shall be appealed." Ga. L. 1981, pp. 4376, 4378; City Pension Code § 6-142.

CARLEY, Justice, dissenting.

I dissent to the dismissal of the appeal in this declaratory judgment case, because I do not agree that the City's setoff of Dunlap's pension benefits was a local administrative decision.

The conclusion that the setoff was such an administrative action is based upon the majority's mistaken assumption that "Dunlap could have appealed the City's decision to the City Board of Trustees." Footnote 3 erroneously states that the Board of Trustees of the City's pension fund "has the power to reconcile disputes *over decisions*" affecting pension benefits. (Emphasis supplied.) To the contrary, the Board makes such decisions directly, and it is not a board of appeal in either nomenclature or substance. Indeed, the Board made the initial decision to award the in-line-of-duty pension. Ga. L. 1981, pp. 4376, 4378; City Pension Code § 6-142 (b). Two years later, Dunlap received a final award of workers' compensation benefits, and the pension coordinator sent a letter informing him of the setoff formula used by the City. This letter merely set forth the current state of the applicable law, as interpreted by the Board. As such, the Board's letter was no more an "administrative decision" than would be a letter from an employee of a city zoning department informing a new landowner of his property's current zoning classification.

In the zoning context, there can be no administrative decision until the property owner begins the administrative process by applying for a rezoning. See *Harrell v. Little Pup Development & Constr.*, 269 Ga. 143, 144 (1) (498 SE2d 251) (1998); *Powell v. City of Snellville*, 266 Ga. 315, 316 (467 SE2d 540) (1996); *Village Centers v. DeKalb County*, 248 Ga. 177, 178 (2) (281 SE2d 522) (1981). Likewise, there is no administrative pension decision until the Board of Trustees is asked to make rules for carrying out the provisions of the 1978 Pension Plan Act, "to reconcile conflicts *therein*, if any shall exist," or "to provide for the equitable disposition of any matter not specifically covered by this act." (Emphasis supplied.) Ga. L. 1982, pp. 4385, 4389; City Pension Code § 6-141 (b). Contrary to the majority's opinion, nothing in the Act authorizes an "appeal" to the Board from any previous administrative decision. Instead, the Board is authorized to make the *initial* decision regarding a dispute over the Act. Once the Board makes a decision interpreting the Act or denying benefits, then a decision of the superior court reviewing the Board's decision can come before this Court or the Court of Appeals only by way of discretionary appeal. OCGA § 5-6-35 (a) (1); *Carrigan v. City of Atlanta*, 180 Ga. App. 741 (350 SE2d 482) (1986). However, it is undisputed that the Board made no decision in this case. Dunlap has bypassed administrative review entirely and, thus, OCGA § 5-6-35 (a) (1) did not require him to comply with the discretionary appeal procedures. See *Harrell v. Little Pup Development & Constr.*, supra at

144 (1). OCGA § 5-6-35 (a) (1) applies only where the superior court has reviewed a decision of another lower tribunal. *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994). The only tribunal which has made any decision here is the superior court. In my opinion, therefore, we should consider this direct appeal on the merits.

I am authorized to state that Presiding Justice Fletcher and Justice Hunstein join in this dissent.

DECIDED MAY 30, 2000 —
RECONSIDERATION DENIED JUNE 30, 2000.

*Jewett & Clark, Robin F. Clark*, for appellant.
*Susan P. Langford, Bruce P. Johnson, Clifford E. Hardwick IV*, for appellee.