In the Supreme Court of Georgia

Decided:   June 16, 2014

S14A0631.  SELKE, et al. v. CARSON, et al.

THOMPSON, Chief Justice.

The question for decision in this appeal is whether appellants were required to follow the discretionary appeal procedure set forth in OCGA § 5-6-35.  We hold that they were so required and grant appellees' motion to dismiss the appeal.

Appellants, former Forsyth County deputy sheriffs, were terminated from their employment without notice.  The sheriff claimed appellants were terminated due to a reduction in force.  Appellants asserted their termination was a subterfuge for political retaliation and age discrimination.

Appellants' jobs were covered by the Forsyth County Civil Service System.  The Civil Service Handbook requires the Board "to conduct hearings and appeals and render decisions as to a member of the civil service system who claims to have been improperly demoted, suspended or dismissed."  Hearings are not required due to a reduction in force.

Appellants tendered formal appeals to appellee Carson, the Forsyth County Personnel Services Director, and requested the appeals be forwarded to the Forsyth County Civil Service Board. Carson denied the appeals, on the ground that a layoff is not an appealable event, and refused to forward them to the Board for consideration.

Appellants filed a petition for writ of mandamus against appellees, Carson, the Board and the County, to compel Carson to forward the appeals to the Board. Appellees filed a motion to dismiss the petition and the superior court granted the motion. Thereupon, appellants filed a direct appeal to this Court.

Appellees have moved to dismiss the appeal, asserting it was incumbent upon appellants to proceed via discretionary application under OCGA § 5-6-35. We agree.

Generally speaking, judgments or orders granting or refusing to grant mandamus are appealable directly. OCGA § 5-6-34 (a) (7). However, OCGA § 5-6-35 (a) (1) requires an appellant to file an application for a discretionary appeal from a decision of a superior court reviewing the decision of a state or local administrative agency. Thus, if the underlying subject matter of a

2

mandamus petition concerns an administrative ruling which is reviewed by a superior court, a direct appeal will not lie. Ferguson v. Composite State Board of Medical Examiners, 275 Ga. 255, 257 (564 SE2d 715) (2002). And this rule "applies to appeals of local governmental *department* decisions even if no administrative appeal was taken." Dunlap v. City of Atlanta, 272 Ga. 523, (531 SE2d 702) (2000) (emphasis supplied).

In this case, Carson, the Personnel Services Director, made an administrative department decision refusing to forward appellants' appeals to the Civil Service Board. Because Carson's decision was reviewed by the superior court, it was incumbent upon appellants to proceed by discretionary appeal. Compare Strohecker v. Gwinnett Co. Police Dept., 182 Ga. App. 853, 854 (2) (357 SE2d 305) (1987) (superior court review of police department decision denying request to expunge criminal and fingerprint records required discretionary application) with Fulton Co. v. T-Mobile South, 305 Ga. App. 466, 468-469 (699 SE2d 802) (2010) (direct appeal was proper because, although county attorney determined claim was not cognizable, the matter was never submitted to an administrative agency).

Appeal dismissed. All the Justices concur.