**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 25, 2021**

# In the Court of Appeals of Georgia

A21A0039. THOMAS COUNTY, GEORGIA et al. v. WH GROUP 2, LLC.

RICKMAN, Presiding Judge.

Thomas County, the Thomas County Board of Commissioners, and the Thomas County Director of Planning and Zoning (collectively, "Thomas County") appeal the trial court's order granting summary judgment to WH Group 2, LLC. But before we can resolve any substantive issues, we must consider our jurisdiction over this appeal. As explained below, this appeal falls within OCGA § 5-6-35 (a) (1) and therefore requires an application for discretionary review. No application was filed in this case, and we therefore lack jurisdiction. As a result, we dismiss the appeal.

WH Group owns undeveloped property in Thomas County on which it intends to build a subdivision that will include rental units. In accordance with a county

ordinance, WH Group submitted a copy of its development plans for the property to the Thomas County Director of Planning and Zoning. The director refused to submit the plans to the Thomas County Board of Commissioners for approval based on his determination that they did not meet the requirements of the "Thomas County Land Use Standards Ordinance, Thomas County Sub-division Rules and Regulations, or Thomas County Board of Commissioners restrictions." In an affidavit, the director averred that the plans were not submitted because they included rental units. According to the director, the Board of Commissioners had specifically precluded rental units in any development on the property when it approved a rezoning from RM-1 (single family residential) to RM-11 (multi-family residential), and that restriction was noted in the meeting minutes approving the rezoning.

After making a subsequent request that the director allow the plans to be submitted to the Board of Commissioners, WH Group filed a Petition for Writ of Mandamus and Complaint for Declaratory Judgment. The complaint sought a writ of mandumus requiring Thomas County to process the plans submitted to the director and a declaratory judgment decreeing that the restriction on rental units was improper and illegal. After considering the parties' cross-motions for summary judgment, the trial court held that WH Group's land was zoned RM-11, without any limiting

2

conditions, and ordered Thomas County to process WH Group's site plan accordingly. In reaching its decision, the trial court found that the county's only official zoning document did not indicate any conditions on the RM-11 designation for WH Group's land and rejected Thomas County's reliance on unrecorded meeting minutes as a basis for imposing a rental restriction. Thomas County appealed the trial court's decision.

Turning to the jurisdiction issue, we look to OCGA § 5-6-35 (a) (1), which provides that appeals from decisions of the superior courts reviewing decisions of state and local administrative agencies must be made by filing an application for discretionary appeal. Thus, to determine whether Thomas County was required to file an application for discretionary appeal in this case, we consider whether a "state or local administrative agency" has made a "decision" under OCGA § 5-6-35 (a) (1) and whether the superior court reviewed that agency decision.

First, we conclude that the director's action was that of a "local administrative agency" for purposes of OCGA § 5-6-35 (a) (1). "[I]f the underlying subject matter of a mandamus petition concerns an administrative ruling which is reviewed by a superior court, a direct appeal will not lie. And this rule applies to appeals of local governmental *department* decisions even if no administrative appeal was taken."

(Citations and punctuation omitted; emphasis in original.) *Selke v. Carson*, 295 Ga. 628, 629 (759 SE2d 853) (2014). Here, the director is the head of the county's planning and zoning department and his office is responsible for reviewing plans and specifications to ensure they comply with rules or restrictions imposed by the Board of Commissioners. When the director refused to forward WH Group's plans to the Board of Commissioners for failure to comply with those restrictions, he acted as a local administrative department. See id.

Next, we conclude that the director made a "decision" in this case. A "decision," as the term is used in OCGA § 5-6-35 (a) (1), refers to an administrative determination of an adjudicative, as opposed to an executive or legislative, nature. *State of Ga. v. Intl. Keystone Knights of the Ku Klux Klan*, 299 Ga. 392, 403-404 (4) (a) (788 SE2d 455) (2016). Administrative determinations of an adjudicative nature "are immediate in application, specific in application, and commonly involve an assessment of facts about the parties and their activities, businesses, and properties." (Citations and punctuation omitted.) Id. at 401 (4) (a). Such "decisions" do not, however, require formal adjudicative procedures. Id. at 404-405 (4) (a).

The director's action in refusing to forward WH Group's plans to the Board of Commissioners was a determination to reject a single submission submitted by a

4

specific applicant, and it had the immediate and particular consequence of disallowing that applicant from obtaining the necessary approval to proceed with its development. The decision was not based on general considerations, but was predicated on the allowed use of a particular parcel of land and was therefore a determination of an adjudicative nature. See *Intl. Keystone Knights*, 299 Ga. at 404 (a); see also *Schumacher v. City of Roswell*, 301 Ga. 635, 638 (2) (803 SE2d 66) (2017) (recognizing prior Georgia Supreme Court authority that all zoning cases must come by application for discretionary appeal and clarifying that "a 'zoning case' is a case involving a 'decision' by an 'administrative agency' dealing with the zoning or allowed use of a particular parcel of land").

The final consideration in determining whether Thomas County was required to file an application to appeal under OCGA § 5-6-35 (a) (1) is whether the decision of the superior court was one that reviewed the director's decision. We conclude that it was such a decision.

"[W]hen we consider the nature of the proceedings in the superior court for the purposes of OCGA § 5-6-5 (a) (1), we look to the substance of those proceedings, not merely the form of the relief sought." *Intl. Keystone Knights*, 299 Ga. at 407 (4) (b). "If a party to a judicial proceeding attacks or defends the validity of an administrative

ruling and seeks to prevent or promote the enforcement thereof, the trial court must necessarily 'review' the administrative decision to resolve the merits of the case." (Citation and punctuation omitted.) Id. at 408 (b).

Here, WH Group directly attacked the director's decision in the mandamus claim that it filed in superior court. It alleged, for example, that it had a clear legal right to have its plans approved and to proceed with the proposed development, and that the denial of that right was arbitrary, capricious, and unreasonable. WH Group sought, among other relief, a writ compelling Thomas County to process and approve the plans it submitted as consistent with the RM-11 zoning designation. The superior court thereafter reviewed the administrative decision, granting relief to WH Group, and Thomas County now appeals the decision of the superior court.

Under these circumstances, Thomas County was required by OCGA § 5-6-35 (a) (1) to bring its appeal by filing an application for discretionary appeal and its failure to do so requires the dismissal of its direct appeal. See *Intl. Keystone Knights*, 299 Ga. at 408 (5).

*Appeal dismissed. McFadden, C. J., and Senior Appellate Judge Herbert E . Phipps concur.*

6