27089. WILLINGHAM et al. v. WHITE et al.

Gunter, Justice. The appellants brought an action below against the appellees seeking a temporary and perma-

nent injunction to prevent appellees from using the property in question in violation of what the appellants contend to be the zoning requirements currently applicable to the property.

The appellees denied the alleged violation, contended that their use of the property was in conformity with the zoning requirements, and filed a motion for summary judgment.

The trial court denied a temporary injunction; the appellants made a motion for summary judgment; and in due course the trial court denied summary judgment for the appellants and granted summary judgment for the appellees.

The appellants have appealed, contending that the trial court should have entered summary judgment for the appellants and denied summary judgment to the appellees.

The history of zoning in Augusta is somewhat complicated, to say the least. Let it be sufficient here to say that we have carefully reviewed that history including the pertinent appellate court decisions relating thereto.

The assistant director of the Augusta-Richmond County Planning Commission testified by affidavit that the appellees were not using the subject property in violation of the "Comprehensive Zoning Ordinance of the City of Augusta and unincorporated areas of Richmond County, Georgia as adopted March 25, 1963, a copy of which as revised in September of 1969 is attached to this affidavit and identified as Exhibit '1' and by reference thereto made a part hereof."

The 1963 ordinance was adopted pursuant to Ga. Laws 1957, pp. 420-443 as amended (*Code Ann. Ch.* 69-12).

The primary contention of the appellants below and here was that the 1963 ordinance changed the zoning of the subject property from what it had been formerly, and that the appellants did not have due or proper notice of the change. Appellants therefore contend that the zoning of the subject property as provided for in the 1963 ordinance is invalid.

The Georgia statute (*Code Ann.* § 69-1209) pursuant to which the 1963 ordinance was enacted provides that before enacting the zoning ordinance the governing authority shall hold a public hearing thereon, "at least 15 days' notice of the time and place of which shall be published in a newspaper of general circulation in the municipality or county."

The evidence before the trial court showed that the proper notice was given making reference to related maps designated as "Comprehensive Zoning Maps," and the subject property was included on the maps referred to.

It is therefore clear that the required notice was given, and the subject property was referred to in the required notice. This is all that property owners are entitled to under the statute, and their legal or constitutional rights are not violated by the zoning of property when such notice is given. See *Atlantic Refining Co. v. Spears,* 214 Ga. 126 (103 SE2d 547).

Having reviewed the entire record, and finding no error, the judgment below was correct.

*Judgment affirmed. All the Justices concur.*
ARGUED MARCH 13, 1972—DECIDED APRIL 20, 1972.

*Julian B. Willingham, Willingham & Houston,* for appellants.