### 33754. AVERA v. CITY OF BRUNSWICK.

JORDAN, Justice.

The appellant bought a lot in the City of Brunswick with a residence on it while an application was pending to rezone the lot from one-family residential use to office commercial district. Rezoning was denied by the Brunswick-Glynn County Joint Planning Commission and by the Commission of the City of Brunswick. The appellant filed an equitable complaint to require the city to rezone the property, alleging that the denial of the application to rezone was an unconstitutional taking of his property without just compensation and denial of due

process. After a hearing, the trial judge denied relief to the appellant, and he appeals.

The appellant's property is in a residential section known as the Goodyear Park Subdivision. His property is at the intersection of Altama Avenue and Fourth Street. There are residences on the side of the street on which the appellant's property is located. On the opposite side of Altama Avenue there are commercial establishments. The property of Brunswick Junior College is on the opposite side of Fourth Street. The appellant introduced evidence that there is heavy traffic on the streets on which the property fronts. He testified that he paid $18,000 for the property. He is a real estate dealer and desires to operate a real estate office in the building he owns. He estimates that the market value of the property for residential purposes is from $16,000 to $18,000, and that, if zoned for commercial use, its market value would be from $40,000 to $45,000. A real estate appraiser testified for him that the heavy traffic in the area had reduced the value of the property for residential purposes; that the market value of the property for residential purposes is $17,000; and that the market value for commercial use would be $29,000.

The city introduced no evidence, and the appellant contends that the judge erred in finding that his evidence was insufficient to show an unfair and unlawful deprivation of property under the State and Federal Constitutions.

The appellant relies on *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975) and cases following it. In *Barrett v. Hamby,* supra, the rezoning concerned a large tract of undeveloped land. In the present case the appellant bought residential property in a residential district, and he is seeking "spot" rezoning of this property only. The heavy traffic is caused by the fact that the appellant's property is at a point where the residential district borders on a commercial district. The rezoning of one lot in a residential district lowers the values of the residential property in the district, and there was opposition to the rezoning at both the planning commission meeting and at the hearing before the commission of the city.

A zoning ordinance is presumptively valid, and this presumption may be overcome only by clear and convincing evidence. The burden is on the person seeking to change the zoning to show the invalidity of the ordinance. *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322 (232 SE2d 830) (1977). The acts of the governing body of a municipality exercising zoning power will not be disturbed by the courts unless they are clearly arbitrary and unreasonable. *Matthews v. Fayette County,* 233 Ga. 220, 225 (210 SE2d 758) (1974). It is not sufficient to show that a more profitable use could be made of the property. *Humthlett v. Reeves,* 212 Ga. 8, 15 (90 SE2d 14) (1955); *Guhl v. Par-3 Golf Club, Inc.,* 238 Ga. 43 (231 SE2d 55) (1976).

Under the evidence the trial judge did not err in holding that the denial of rezoning to the appellant was not unconstitutional.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED JULY 11, 1978 — DECIDED
SEPTEMBER 6, 1978.

*Bennett, Gilbert, Gilbert, Whittle, Harrell & Gayner, Wallace E. Harrell, William R. Waldrop,* for appellant.

*Highsmith & Highsmith, Evelyn Highsmith, Eugene Highsmith,* for appellee.