35337. PENNINGTON v. ROCKDALE COUNTY et al.

HILL, Justice.

This is a zoning case. Plaintiff-appellant is the owner of approximately 54 acres located at the southeast corner of the intersection of Ga. 20 and Honey Creek Road in Rockdale County. At the present time one acre of plaintiff's property at the corner is zoned C-1 (commercial). The remaining 53 acres are zoned A-R (agricultural-residential) and were used as a dairy until about 1969.

The other 3 corners of the intersection are zoned commercial and one of these, that tract north of plaintiff's property across Honey Creek Road, contains almost 14 acres zoned commercial but not yet used as such.

Plaintiff sought to rezone 15.14 of his 54 acres from A-R to C-1 so as to have 16.14 acres at the intersection to sell as a shopping center at a sale price of $8,800 per acre. Plaintiff offered evidence from which the trial judge was authorized to find that his one acre zoned C-1 at the corner was worth in excess of $20,000 and that the other 15.14 acres were worth $3,000 per acre zoned A-R.[1]

The county commissioners denied the requested rezoning and plaintiff filed suit. The trial court denied relief and we affirm.

A zoning ordinance is presumed to be valid and the burden is on the property owner attacking the zoning classification to overcome this presumption by clear and convincing evidence. *Guhl v. Holcomb Bridge Rd. Corp.,*

---

[1]That is to say, plaintiff's 16.14 acres as presently zoned were worth $65,420, whereas if zoned C-1 that property would be worth $142,032, or over twice as much.

238 Ga. 322, 323 (232 SE2d 830) (1977). In *Guhl* we held that *one* of the factors to be considered is the extent to which the value of the owner's property is diminished by the zoning classification. In *Guhl* the property could not reasonably and economically be used for the purpose for which it was zoned (238 Ga. at 324, finding No. 7).

In the birthright case of *Barrett v. Hamby,* 235 Ga. 262, 266 (219 SE2d 399) (1975), we said " . . . if the zoning regulation results in relatively little gain or benefit to the public while inflicting serious injury or loss on the owner, such regulation is confiscatory and void." While it is not necessary for the property to be totally useless for the purposes zoned, it is necessary that the damage to the owner be significant. *Barrett v. Hamby,* supra, 235 Ga. at 266. In *Barrett,* the evidence showed that the property was virtually unusable for residential purposes for which it was zoned, that its value for residential purposes was under $53,000 (under $2,000 per acre) whereas its value for commercial development was about $927,500 (about $35,000 per acre).

As *Guhl,* supra, points out, the difference in property values between various zoning classifications is not the only factor to be considered, but under *Barrett v. Hamby,* the property owner is required to show serious and significant injury to himself in order to satisfy the burden of proof which is upon him. "It is not sufficient to show that a more profitable use could be made of the property." *Avera v. City of Brunswick,* 242 Ga. 73, 75 (247 SE2d 868) (1978).

Plaintiff did not offer any evidence that the property was not suitable for residential or agricultural use. In fact, he does not question the suitability of the zoning on the remaining 38 acres of his property. Plaintiff showed only a diminution in the value of a part of his property by reason of the zoning classification; he did not show the requisite injury to his property. *Avera v. City of Brunswick,* supra.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 18, 1979 — DECIDED NOVEMBER 21, 1979.

*Vaughn & Barksdale, A. R. Barksdale, F. Jack Lance,* for appellant.

*Nation, Maddox & Starnes, Sidney L. Nation,* for appellees.