## 59283. HYDE v. SMITH et al.

SHULMAN, Judge.

In this appeal from a judgment of the superior court affirming the denial of appellant's application to rezone his lot from residential to commercial use, appellant asserts that the trial court erred in finding the evidence insufficient to show an unfair and unlawful deprivation of property under the State and Federal Constitutions. Finding that the judgment is not subject to this criticism, we affirm.

The property forming the subject of appellant's application is located in a platted residential subdivision. Although a business establishment (a nonconforming use which was rezoned commercial to facilitate improvements) is directly across the highway which fronts appellant's property, appellant's property lies in an area where all residential homes are located. The

estimated value of the property for commercial use is $13,125; for residential purposes the property is valued at $7,680.

"The appellant relies on *Barrett v. Hamby*, 235 Ga. 262 (219 SE2d 399) (1975) and cases following it. In [*Barrett*] the rezoning concerned a large tract of undeveloped land. In the present case the appellant bought residential property in a residential district, and he is seeking 'spot' rezoning of this property only . . . The rezoning of one lot in a residential district lowers the values of the residential property in the district, and there was opposition to the rezoning at both the planning commission meeting and at the hearing before the commission of the city.

"A zoning ordinance is presumptively valid, and this presumption may be overcome only by clear and convincing evidence. The burden is on the person seeking to change the zoning to show the invalidity of the ordinance. [Cit.] The acts of the governing body of a municipality exercising zoning power will not be disturbed by the courts unless they are clearly arbitrary and unreasonable. [Cit.] It is not sufficient to show that a more profitable use could be made of the property. [Cits.]

"Under the evidence the trial judge did not err in holding that the denial of rezoning to the appellant was not unconstitutional." *Avera v. City of Brunswick*, 242 Ga. 73, 74-75 (247 SE2d 868); *Westbrook v. Bd. of Adjustment*, 245 Ga. 15.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JANUARY 9, 1980 — DECIDED
FEBRUARY 18, 1980.

*H. J. Thomas, Jr., James E. Weldon,* for appellant. *Jerry Willis, D. Ray McKenzie, Jr.,* for appellees.