### 42704. WHIDDEN v. FAIGEN.
(338 SE2d 264)

CLARKE, Justice.

This is a zoning case with an unusual twist. Called into issue is the notice of zoning changes required to be given affected landowners and the rights of landowners who acquire title after a zoning change which was enacted with possible defective notice. The trial court found the amendment to the zoning ordinance to be ineffective. We agree.

The land in controversy was rezoned in 1969 and was zoned "RM-75 for a mobile home park." At the time of this rezoning the Henry County Zoning Ordinance of 1963 was in effect. In 1970 the then owner of the land in question paid the Henry County Water and Sewer Authority $35,000 which was applied as a prepayment for a certain number of sewer taps. In 1973, the Henry County Commissioners adopted a new zoning ordinance under which the subject land remained classified as RM-75, but mobile home parks were deleted as a permitted use under RM-75. The appellee here first bought an undivided interest in the land in 1978 and in 1984 he became the owner of the entire fee. In the interim, Henry County adopted another zoning ordinance in 1982 which contains no RM-75 classification. There was no posting of signs as required by the 1963 ordinance prior to the passage of either the 1973 or 1982 ordinance and while the ordinances were amended in those years, there was no amendment to the official

zoning map which continues to show the property as RM-75.

In 1984, the present owner and appellee sought approval of his plans to develop a mobile home park. This was denied by the county, but the superior court held that he is entitled to proceed with the development because the 1963 ordinance remains applicable. The court reached this conclusion by reasoning that the county failed to give the notice required by its own ordinance before rezoning in 1973 and 1982 and also failed to amend the official zoning map.

Local governing authorities are legally authorized to zone land for specific uses. *Matthews v. Fayette County*, 233 Ga. 220 (210 SE2d 758) (1974); *Gifford-Hill & Co. v. Harrison*, 229 Ga. 260 (191 SE2d 85) (1972). However, the power to zone is not an unbridled right. The importance of private property rights and the public's interest in orderly land development and use must be delicately balanced in the exercise of the zoning power. To preserve this balance, the law imposes restraints upon landowners and zoning authorities alike. The landowner's restraints are obvious. Broadly stated, the landowner is bound to the uses allowed by a valid zoning ordinance. This is vital to the balance of public and private interests. The restraints upon the zoning authority are no less real but perhaps more intricate. Notice is an essential burden cast upon a zoning authority before the use of land may be restricted. The question in this case is how much notice is required and to whom must it be given.

The general proposition is that a zoning classification may not be changed unless notice is given the affected parties. The extent of notice is so much as may be required by due process of law or by the zoning ordinance in effect at the time of the change. *South Jonesboro Civic Assn., Inc. v. Thornton*, 248 Ga. 65 (281 SE2d 507) (1981). Since no due process issue is raised in this case, we will consider only the requirements of the Henry County ordinance and the fallout of those requirements upon the law. The 1963 ordinance makes provision for notice when the ordinance is amended so as to change the "zoning classification from one type of district to another." This notice involves posting of signs on property on which the change is being made. The county failed to follow this procedure in 1973 or 1982. The county now argues that the posting was not necessary in this case and that even so the present owner cannot complain because he did not buy the land until 1978. We are not persuaded by either of these arguments.

It is the county's contention that the 1973 ordinance did not change the zoning classification from one type of district to another because even though the right to construct a mobile home park was deleted, the designation of the classification remained RM-75. This argument must fail because labels cannot prevail over the uses permitted. We conclude that the elimination of one of the prior permit-

ted uses is in fact a change from one *type* district to another.

The remaining argument that the present owner bought the land after the zoning change and is subject to it regardless of notice when the change occurred must also fail. The owner asserts that it is land and not people which is zoned. This is an accurate statement. It is the land that is zoned even though it is the people who are affected. Zoning limits the use of land and attaches to the land. A zoning authority cannot establish clear procedures for zoning changes and then be heard to argue that a change in ownership of the land operates as an excuse for the zoning authority's failure to comply with its own requirements. We do not deal here with whether the landowner may have waived the procedural defect or be guilty of laches because those questions are not at issue in this case.

*Judgment affirmed. Marshall, P. J., Clarke, Smith, Gregory and Bell, JJ., and Judge Charles A. Pannell, Jr., concur. Hill, C. J., dissents. Weltner, J., disqualified.*

HILL, Chief Justice, dissenting.

The landowner first purchased an interest in the property in 1978. At that time the property was zoned RM-75 but not for mobile home parks. The majority hold that the county's failure in 1973 to give notice to the landowner's predecessor in title invalidates the 1973 amendment. I would hold that a purchaser of land lacks standing to complain that his predecessor in title was not afforded notice of a zoning change. I therefore dissent.

DECIDED JANUARY 8, 1986.

*Freeman & Hawkins, H. Lane Young II, Robert U. Wright, Stephen P. Harrison, for appellant.*
*Crumbley & Crumbley, R. Alex Crumbley, for appellee.*