43953. WILSON et al. v. CITY OF SNELLVILLE.
(352 SE2d 759)

CLARKE, Presiding Justice.

This is a zoning case involving the "down zoning" of appellants' property by the Snellville City Council when it adopted a new zoning map and zoning ordinances and changed the zoning of appellants' property from RM-General Residence (multi-family) to single family residential.

1. The trial court granted summary judgment to the city, and appellants brought this appeal. The threshold issue is whether there was

---

proper notice to appellants. We begin the inquiry into the adequacy of the notice given with the general proposition that "[t]he extent of notice is so much as may be required by due process of law or by the zoning ordinance in effect at the time of the change." *Whidden v. Faigen*, 255 Ga. 347, 348 (338 SE2d 264) (1986); *South Jonesboro Civic Assn. v. Thornton*, 248 Ga. 65 (281 SE2d 507) (1981). Here, notice was placed in the legal organ of Gwinnett County as prescribed by the zoning ordinance. Since the city's compliance with its own ordinance is undisputed, we must decide only whether the notice by publication allowed under the ordinance comports with due process. In *F. P Plaza, Inc. v. Waite*, 230 Ga. 161 (196 SE2d 141) (1973), cert. denied in 414 U. S. 825, we held: ". . . notice by publication of a rezoning hearing to be held by a governing authority of a county is proper and adequate insofar as the requirements of procedural due process and equal protection are concerned." Id. at 163-64. See also *DeKalb County v. Pine Hills Civic Club*, 254 Ga. 20 (326 SE2d 214) (1985). We have examined the cases cited to us by appellants. Of these, only *Sikes v. Pierce*, 212 Ga. 567 (94 SE2d 427) (1956), deals with zoning. In that case neither the charter of the municipality nor the ordinance in question provided for any notice or hearing to anyone having a property right or interest in the affected property. We affirm the trial court's finding that the notice in this case was adequate.

2. The zoning in this case occurred in 1983. The present action was filed in 1986, beyond the filing period of thirty days. Because the notice to appellants of the zoning action was adequate, they were time barred when no suit challenging the classification was filed within 30 days of the zoning decision. *Village Centers v. DeKalb County*, 248 Ga. 177 (281 SE2d 522) (1981).

3. Appellants contend that their claim for mandamus based on vested rights is not barred by *Village Centers v. DeKalb County*, supra. In *Martin v. Hatfield*, 251 Ga. 638 (308 SE2d 833) (1983), we refused to extend the rule of *Village Centers* to a suit for mandamus to enforce a right (the issuance of a building permit) which " . . . will not be defeated by the expiration of thirty days from the date of the refusal of a governing body to do that which it is already under obligation to do." Id. We made the distinction between asking the court to declare a zoning ordinance unconstitutional as to certain property and asking a court to grant a writ of mandamus to compel performance of a public duty. In the present case, appellants argue that they are entitled to mandamus to compel the city to issue permits for multi-family development; however, this argument fails because any preexisting duty to issue such permits vanished when the zoning was changed so that multi-family units are no longer permitted. Moreover, there is no indication that they have ever applied for a building

permit, and it affirmatively appears from the record that no building permit has ever been sought since the zoning was changed. Appellants' only remedy therefore is a declaration that the present zoning is unconstitutional, and mandamus will not lie. We affirm the ruling of the trial court that the complaint was not timely filed. See *Village Centers*, supra.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED FEBRUARY 13, 1987 —
RECONSIDERATION DENIED MARCH 3, 1987.

*Zachary & Segraves, William E. Zachary, Sr., Kenneth W. Carpenter,* for appellants.
*Webb, Fowler & Tanner, Keith W. Mason,* for appellee.