44233. TURNER v. CITY OF ATLANTA.

(357 SE2d 802)

WELTNER, Justice.

Turner's commercial property was rezoned to office-institutional use by the city's adoption of a comprehensive development plan. The actual use of the property as a motel remained unchanged. Turner attempted to have the zoning changed back to a commercial classification. He claimed that the city's failure to provide personal notice of a proposed change in zoning was violative of its own procedures and violative of due process as well. He also attacked the constitutionality of the ordinance on the ground that, by rendering his property unmarketable, it took his property without just and adequate compensation. The city denied his rezoning request and the trial court affirmed the denial, finding the ordinance constitutional.

1. The trial court found that the city complied with its notice procedure relative to the adoption of the comprehensive zoning ordinance, and that the procedure was constitutionally sufficient. We agree. The city was not required under the applicable ordinance to give personal notice for a comprehensive zoning plan. The constitutional claim is controlled by *Willingham v. White,* 229 Ga. 75 (189 SE2d 442) (1972) and *Wilson v. City of Snellville,* 256 Ga. 734, 735 (352 SE2d 759) (1987).

2. The trial court concluded that Turner did not show that he would suffer a significant detriment under the standards set forth in *Gradous v. Bd. of Commrs.,* 256 Ga. 469, 470 (349 SE2d 707) (1986). This, too, we affirm. "The findings indicated no detriment to appellant except for the fact that the property would be more valuable if rezoned." *Gradous,* 256 Ga. at 472. "It is not sufficient to show that a more profitable use could be made of the property." *Avera v. City of Brunswick,* 242 Ga. 73, 75 (247 SE2d 868) (1978). Furthermore, the present zoning comports with the comprehensive development plan.

See *Moore v. Maloney*, 253 Ga. 504, 506 (2) (321 SE2d 335) (1984).

*Judgment affirmed. All the Justices concur, except Gregory, J., who concurs in the judgment only, and Smith and Bell, JJ., who dissent.*

SMITH, Justice, dissenting.

This country, among other things, was founded upon the principles of privacy in one's personal life and respect for one's property rights. At the turn of the century, property rights were valued and received special judicial attention. In the decades that followed, however, the judiciary's interest increased as to individual rights and property rights became the stepchild of judicial interest as the unchecked police power of government expanded. One's monetary interest in his property, home, or business is as much a part of his constitutionally protected right as is his privacy interest in not having his home or property searched without a warrant. Two recent Supreme Court cases reflect a dramatic change in the way individual property rights are now being viewed. See *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, California*, 55 USLW 4781 (1987); *Nollan v. California Coastal Comm.*, 55 USLW 5145 (1987). These cases plainly imply that if the government takes property, whether in the form of a physical taking or a regulatory taking, by zoning or otherwise, be it temporary or permanent, partial or whole, the government must compensate the citizen for the taking.

This Court in *Barrett v. Hamby*, 235 Ga. 262 (219 SE2d 399) (1975), made a giant step forward when it stated that the law will require zoning authorities to justify zoning ordinances. Here, just as in *Barrett*, the justification is missing. Clearly our Court has said that the zoning authority must prove justification in taking and by something more than any evidence. Id. at 265. See also *DeKalb County v. Flynn*, 243 Ga. 679, 680 (256 SE2d 362) (1979).

Mr. O. L. Turner operates a motel on two acres of land in Atlanta, Georgia. When he purchased the property in 1962, it was zoned for commercial use. During the summer of 1983, when he was denied a permit to erect a billboard on part of his property, he discovered that his property, with a fully operating motel thereon, had been down zoned into a nonconforming use. The new classification, O-I, office-industrial, is a more restrictive use. An expert testified that the property in the original classification, before down zoning, was worth $230,000 and after the down zoning was worth $76,000. He also testified that the property was less marketable in the down zoned classification. Furthermore, Mr. Turner could no longer obtain a permit for a billboard under the new classification, and he could not expand his motel.

The majority relies on *Gradous v. Bd. of Commrs.*, 256 Ga. 469,

470 (349 SE2d 707) (1986), but *Gradous* is based on a long line of cases in which landowners sought to have presumptively valid zoning classifications changed, thereby increasing the value of the property they sought to have rezoned. The reason the trial court decision in *Gradous* was affirmed was because this Court agreed, as it has so many times in the past, that there was no detriment to the landowner except for the fact that "the property *would be more valuable if rezoned* . . . . [and that t]here was no showing that there *had been any decrease in value,* . . ." Id. at 472. (Emphasis supplied.) Implicit in the analysis is the understanding that the owner had suffered *no decrease in value due to the zoning,* thus no detriment. The Court in *Gradous* cited *DeKalb County v. Albritton Properties,* 256 Ga. 103 (344 SE2d 653) (1986) where the Court found a significant deprivation because there was a "downturn in viability . . . and [a foreseeable] sharper downturn *of land value* . . . ." Id. at 108. (Emphasis supplied.) This case is unlike *Gradous* where there was only a showing that the property would be "more valuable if rezoned . . . [and no showing of] *any decrease in value* . . ." *Gradous* at 472. (Emphasis supplied.) Mr. Turner showed that because of the pre-existing zoning his property had a value that was drastically decreased due to the government action, as well as an inability to use his property as profitably as before it was down zoned. He showed a present *decrease in land value* and use, due entirely to the down zoning, not merely a foreseeable one.

This case is a "reverse *Gradous*" situation. Mr. Turner's property was zoned in a presumptively valid manner from the time he purchased it, over twenty years ago, until the time when the city down zoned it without individual notice to him. The down zoning caused his motel to become a nonconforming use and the value of his property plummeted overnight from $230,000 to $76,000.

Mr. Turner unsuccessfully argued in the lower court that his rights were violated when the city down zoned his property without providing him with notice. He also asserted that the rezoning took his property without just and adequate compensation. This Court upholds the trial court's decision by agreeing with the trial court that Mr. Turner "did not show *that he would suffer* a significant detriment under the standards set forth in *Gradous v. Board of Commissioners,* 256 Ga. 469, 470 (349 SE2d 707) (1986)." (Emphasis supplied.)

The trial court and this Court ignore the fact that Mr. Turner had a vested interest in the value of his property as it existed under the presumptively valid pre-existing zoning and that he suffered a significant detriment when down zoned. He presented clear and convincing evidence showing the detriment he suffered, and that was all he was required to do to shift the burden to the city to justify the rezon-

ing.

In analyzing a problem like the one before us, we are supposed to use a balancing test to determine whether the police power has been properly or improperly exercised. The test is designed to weigh the benefit to the public against the detriment or burden to the individual. The benefits and burdens cannot be properly weighed if there is a refusal to acknowledge or examine the burden to the landowner when his property is devalued by the governing authority. Likewise, if this Court improperly places the burden of proof upon the landowner, the tipping of the scales prevents a proper weighing of the benefits and the burdens.

This is what I believe to be the proper constitutional burden. We begin with a presumption of validity. The burden was on Mr. Turner to come forward with clear and convincing evidence that the zoning presented a significant detriment to him. The burden then should have shifted to the governing authority to come forward with evidence showing that the regulation it wished to impose substantially advanced the legitimate state interest sought to be achieved. See *Nollan*, supra.

One of the most fundamental reasons for allowing governing authorities the power to regulate the use of an individual's property is to provide stability. When zoning ordinances are enacted and relied upon by individual landowners, rezoning by the governing authority should only be effectuated when: the zoning authority shows prior to the rezoning that the original zoning regulations were improper, or changes in the surrounding areas require rezoning to substantially advance a legitimate state interest.

Here Mr. Turner presented clear and convincing evidence of a substantial detriment. At that point the city should have been required to show that the zoning regulation substantially advanced the legitimate state interest sought to be achieved. If the state was unable to do so, it should have returned his property to the former classification. If the city could have justified the down zoning, then it would have taken a property right for which it must pay compensation.

But in either event whether Mr. Turner made his point or the city made its point, when the city down zoned the property it took Mr. Turner's property right amounting to $154,000, the difference in value of the land immediately before and after the down zoning. If the city refuses to pay, then Mr. Turner has a constitutional right to sue for damages for the "decrease in value" of his land due to down zoning. See *Gradous*, supra.

I am authorized to state that Justice Bell joins in this dissent.

DECIDED JULY 16, 1987 —
RECONSIDERATION DENIED JULY 29, 1987.

*Thomas A. Bowman, Robert L. Zoeckler,* for appellee.