## S06A0121. EDWARDS v. LEWIS.
### (629 SE2d 248)

MELTON, Justice.

Appellant Michael Edwards' conviction for cocaine possession with intent to distribute and the resulting sentence was affirmed by the Court of Appeals in *Edwards v. State*, 253 Ga. App. 837 (560 SE2d 735) (2002). Edwards thereafter filed a petition for habeas relief asserting ineffective assistance of both trial and appellate counsel.[1] During the hearing, the habeas court indicated on the record that it believed Edwards had met his burden on the "significant issue" of trial counsel's failure to challenge the jury array prior to the jury being empaneled.[2] It instructed the State to file a brief within 30 days of the hearing to show why Edwards should not be granted habeas relief and advised Edwards' habeas counsel that counsel would have three weeks to respond to the State's argument raised in the supplemental brief. Rather than file a brief as instructed, the State waited over a year, and submitted to the court a "proposed order" that included a final adjudication on the jury array issue. The habeas court entered the order two days later. We granted Edwards' application for a certificate of probable cause to appeal the order to determine "whether the habeas court erred in entering the proposed order without providing the petitioner the opportunity to respond to the respondent's 'brief,' as stated during the hearing."

We conclude it was fundamentally unfair for the habeas court to decide Edwards was not entitled to habeas relief without allowing Edwards a meaningful opportunity to respond to the State's allegation, albeit submitted in order form, regarding the jury array and the effectiveness of his counsel. See *Ramos v. Terry*, 279 Ga. 889 (1) (622 SE2d 339) (2005) (essence of due process is a meaningful opportunity to be heard). Accordingly, we vacate the habeas court's judgment and remand this case with direction that the habeas court reconsider Edwards' petition for writ of habeas corpus after Edwards has been given a meaningful opportunity to present the court with his response to the State's allegations regarding his attorneys' deficient performances in connection with the jury array.

*Judgment vacated and case remanded. All the Justices concur.*

---

[1] Because Edwards' trial and appellate counsel were both employed by the DeKalb County Public Defender's office, Edwards' claim against his trial counsel was not procedurally defaulted for his failure to raise it in the direct appeal.

[2] The issue raised the propriety of DeKalb County summoning jury arrays based upon a 1990 census, even though the results of the 2000 census showing a demographic change in the county had been published.

DECIDED APRIL 25, 2006.

Michael Edwards, *pro se.*

*Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General,* for appellee.

*Sarah L. Gerwig-Moore,* amicus curiae.