S13A0910. CITY OF STATESBORO v. DICKENS et al.

(748 SE2d 397)

MELTON, Justice.

Following the City of Statesboro's denial of George and Catherine Dickens' application to complete construction on a 2,160-square-foot detached garage on their property, the Dickenses appealed the decision to the City's Zoning Board of Appeals. The Zoning Board of Appeals voted unanimously to deny the Dickenses' appeal for a building permit. The Dickenses then filed a petition for mandamus and damages in the Superior Court of Bulloch County to compel the City to issue a building permit for the partially completed 2,160-square-foot garage. The City filed a motion for summary judgment, which the superior court summarily denied. The trial court then issued a certificate of immediate review, and the City timely applied for an interlocutory appeal, which this Court granted on December 10, 2012, with the following questions:

> (1) Whether the Dickenses were required to seek judicial review in the superior court by way of a petition for a writ of certiorari instead of a petition for mandamus. See OCGA § 5-4-1 (a); Zoning Ordinance of the City of Statesboro, Georgia § 1809. See also *DeKalb County v. Wal-Mart Stores, Inc.*, 278 Ga. 501 (604 SE2d 162) (2004); *Jackson v. Spalding County*, 265 Ga. 792 (462 SE2d 361) (1995).

> (2) Whether the Dickenses' petition in the superior court was timely. See OCGA § 5-4-6 (a) (writ of certiorari); *Wilson v. City of Snellville*, 256 Ga. 734 (352 SE2d 759) (1987) (petition for mandamus).

> (3) Whether the superior court erred in denying the City's motion for summary judgment.

As explained more fully below, because the Dickenses were required to seek judicial review in the superior court by way of a petition for a writ of certiorari rather than a petition for mandamus, we reverse the trial court's decision and remand this case to the trial court with the direction that the case be dismissed.

By way of background, the record reveals that the Dickenses own a single-story, 3,080-square-foot residence on a 1.76-acre parcel of land in Statesboro that is zoned R-20 (Single-Family Residential). In October 2008, the Dickenses applied for and received a building permit to construct a 25′ x 45′ (1,125 square feet) detached garage. See Zoning Ordinance § 401 (H) (5) (permitting as of right in R-20 zones "[d]etached garages . . . in side and rear yards [which shall not exceed 50 percent of the floor area of the first floor of the principal structure and shall not exceed 25 feet in height no[r] be within ten feet of any property line"). However, subsequent inspections revealed that the structure the Dickenses were actually building did not comply with their permit or the Zoning Ordinance. The partially completed structure was 30′ x 72′ (2,160 square feet); it was turned 90 degrees on its foundation from the plan approved by the City; it encroached into the front yard; and it was unclear whether it would exceed 25 feet in height. In January 2009, the City issued a stop work order and cited the Dickenses. The municipal court upheld the citation and fined the Dickenses $1,000, but the case settled after the Dickenses appealed to the superior court, with the City agreeing to drop the fine and the Dickenses agreeing not to build a structure larger than what the City had approved.

The Dickenses did not revise their building plans. Instead, they applied for rezoning of a .25-acre commercial parcel they owned that was separated from their residential parcel by an abandoned State-owned road that the Dickenses were unsuccessful in acquiring from the State. The .25-acre parcel was zoned HOC (Highway Oriented Commercial), and the application was to have it rezoned R-20. The plan was to combine the 1.76-acre parcel with the .25-acre parcel to create a single parcel in excess of two acres zoned R-20, thereby avoiding the size restriction in § 401 (H) (5). See Zoning Ordinance § 401 (H) (3) ("Accessory structures located on property in excess of two acres will not be restricted [as] to size, except that the square footage cannot exceed that of the principal structure, and the minimum height cannot exceed 25 feet."). On May 5, 2009, the mayor and City Council unanimously denied the Dickenses' application for rezoning. See Zoning Ordinance § 2401 (authorizing the mayor and city council to rezone property if certain findings are made). The Dickenses did not seek judicial review of that decision.

On June 15, 2009, the Dickenses filed an application for a building permit with drawings reflecting the same 2,160-square-foot detached garage that was the subject of the previous stop work order and citation. The same day, the City issued a letter acknowledging the application and stating that the 2008 building permit remained in effect. A year later, the Dickenses prepared a plat showing the

2,160-square-foot garage being built on a single 2.03-acre parcel of land. However, the surveyor's notes indicated that the 2.03-acre parcel was actually composed of two separate, noncontiguous parcels owned by the Dickenses (the 1.76-acre residential parcel and the .25-acre commercial parcel) plus the roadway owned by the State. On August 23, 2010, the Dickenses filed a building permit application with the plat attached. On September 7, 2010, the City denied the Dickenses' application, noting that the "proposed accessory structure's footprint exceeds 50% of the floor area of the first floor of the principal structure on the lot in violation of Section 401(H) (5)" and must be "reduced to a maximum of 1540 square feet"; "floor area must be removed from that portion of the structure which encroaches into the front yard"; and the City was "[u]nable to verify that height of the proposed accessory structure does not violate the 25' maximum."

On September 29, 2010, the Dickenses appealed the denial of the building permit to the City's Zoning Board of Appeals ("ZBA"), which is composed of the mayor and city council. See Zoning Ordinance § 1800. The Dickenses argued that they were entitled to a building permit because: (1) the garage was being built on a 2.03-acre parcel of land and thus was governed by § 401 (H) (3), not § 401 (H) (5); and (2) Chip Godbee, the City employee in charge of building permits, had told them verbally and in writing that their 2008 permit allowed them to construct the oversized garage, a charge Godbee denied. At a hearing on November 16, 2010, the ZBA voted unanimously to deny the Dickenses' appeal.

On December 28, 2010, the Dickenses filed a petition for mandamus and damages in the superior court to compel the City to issue a building permit for the partially completed 2,160-square-foot garage. In response, the City filed a motion for summary judgment, which was denied, and the denial of this motion for summary judgment prompted the current appeal.

1. "[W]here, as here, a board of zoning appeals rules on an application for variance, it exercises judicial powers even though it is an administrative body, and . . . a petition for writ of certiorari is the proper method of judicial review if the ordinance so specifies." (Citations omitted.) *DeKalb County*, supra, 278 Ga. at 502. Indeed, "[i]f there be a specific remedy by certiorari, the right of mandamus will not lie." *McClung v. Richardson*, 232 Ga. 530, 531 (207 SE2d 472) (1974). See also OCGA § 5-4-1 (a) ("The writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers, including the judge of the probate court, except in cases touching the probate of wills, granting letters testamentary, and of administration."). Here, § 1809 of Zoning Ordi-

nance of the City of Statesboro makes clear that

> [a]ny person or persons . . . aggrieved by any decision of the zoning board of appeals may take an appeal to the superior court. Said appeal to the superior court *shall be by a writ of certiorari* as provided by state law. Said appeal must be filed within 30 days from the date of the decision of the board of appeals, and failure to file said appeal within the 30-day period shall make final the decision of the board.

(Punctuation omitted; emphasis supplied.)

Accordingly, the Dickenses were required to pursue their appeal through the filing of a petition for a writ of certiorari, and mandamus was not an available remedy here. See *McClung*, supra. The trial court therefore erred in allowing the Dickenses to proceed with their mandamus action.

2. Moreover, even if mandamus were an available remedy, which it was not, the Dickenses' appeal would have been untimely and subject to dismissal, as it was filed more than 30 days after the ZBA rendered its decision. *Wilson*, supra, 256 Ga. at 735 (2) ("Because the notice to appellants of the zoning action was adequate, they were time barred when no suit challenging the classification was filed within 30 days of the zoning decision"). The same would be true even if the Dickenses' had properly pursued their appeal through filing a petition for a writ of certiorari, which they did not. See OCGA § 5-4-6 (a) ("All writs of certiorari shall be applied for within 30 days after the final determination of the case in which the error is alleged to have been committed. Applications made after 30 days are not timely and shall be dismissed by the court"). Accordingly, the trial court should have dismissed the Dickenses' appeal. We must therefore reverse the trial court's decision to allow the appeal to move forward on the merits, and we remand this case to the trial court with the direction that the case be dismissed.

3. In light of our decisions in Divisions 1 and 2, supra, we need not address the merits of whether or not the trial court erred in denying the City's motion for summary judgment.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Fulcher Hagler, Scott W. Kelly*, for appellant.
*Howard C. Kaufold, Jr.*, for appellees.