**SECOND DIVISION**
**BARNES, P. J.,**
**RICKMAN and SELF, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**December 27, 2017**

# In the Court of Appeals of Georgia

A16A0582. SCHUMACHER et al. v. CITY OF ROSWELL et al.

BARNES, Presiding Judge.

Erich Shumacher and Mike Nyden are property owners in the City of Roswell who brought this lawsuit challenging the City's adoption of a new zoning ordinance called the Unified Development Code (the "Code") on procedural due process and other grounds. The trial court granted the City's motion for judgment on the pleadings and dismissed all of the plaintiffs' claims. The plaintiffs filed a direct appeal challenging only the dismissal of their procedural due process claims, and after the appeal was transferred to this Court from the Supreme Court of Georgia, we dismissed the appeal for lack of jurisdiction on the ground that the lawsuit was a "zoning case" requiring an application for discretionary appeal. See *Schumacher v. City of Roswell*, 337 Ga. App. 268, 268-273 (787 SE2d 254) (2016). The Supreme Court granted certiorari and reversed our decision to dismiss the appeal, holding that "a stand-alone lawsuit challenging an ordinance as facially invalid – unconnected to

any individualized determination about a particular property – is not a 'zoning case' . . . and does not require an application under OCGA § 5-6-35." *Schumacher v. City of Roswell*, 301 Ga. 635, 635 (803 SE2d 66) (2017). Accordingly, we vacate our previous opinion dismissing the appeal and adopt the Supreme Court's opinion as our own.

We now address the substantive legal question raised by the parties: whether the trial court erred in dismissing the plaintiffs' procedural due process claims based on the adequate state remedy doctrine. For the reasons discussed more fully below, we conclude that the trial court committed no error because Georgia's Zoning Procedures Law, OCGA § 36-66-1 et seq. (the "ZPL"), provided the plaintiffs with an adequate state remedy for alleged procedural irregularities committed by the City in the adoption of the Code.[1] Therefore, we affirm.

The factual history of this case was summarized by our Supreme Court:

---

[1] We note that the definition of "zoning decision" under the ZPL is broader than the definition of that term for purposes of appellate jurisdiction. Compare OCGA § 36-66-3 (4) (A) (defining "zoning decision" under the ZPL to include a "final legislative action by a local government which results in . . . [t]he adoption of a zoning ordinance"), with *Schumacher*, 301 Ga. at 639 (2) ("zoning decision" for purposes of determining appellate jurisdictional under OCGA § 5-6-35 (a) (1) refers to "cases involving individualized determinations by an 'administrative agency' as to the zoning or permitted use of particular parcels of land") (punctuation omitted).

2

As alleged in their amended complaint, [the plaintiffs] are citizens and taxpayers of the City . . . and own residential property there. In February 2014, after conducting two public meetings, the Council of the City of Roswell ("City Council") approved a new zoning ordinance – the Code – and a new zoning map. The Code substantially replaced the City's existing zoning ordinance.

As detailed in meeting minutes attached as an exhibit to the answer to the amended complaint, Plaintiff Schumacher had attended and participated in the first public meeting, voicing his concerns about the proposed Code. In particular, he expressed his concerns about density and the public's ability to understand the proposal. At the second public meeting, a letter from Schumacher's counsel was read into the record. The letter argued that the City had not complied with state statutory procedures for adoption of a new zoning code. Among other things, the letter argued that the City had violated the law by inaccurately telling the public that the proposal would not change existing property rights. In neither meeting did Schumacher or his counsel address any issue with the zoning of any particular parcel of property.

*Schumaker*, 301 Ga. at 635-636.

After the City Council adopted the Code and a new zoning map, the plaintiffs sued the City, challenging the manner in which the City Council had approved the

3

UDC and map.[2] The plaintiffs' complaint, as later amended, alleged, among other things, that the adoption of the Code violated the ZPL and the plaintiffs' procedural due process rights under the United States and Georgia Constitutions. The complaint further alleged that the Code adversely affected each plaintiff's property and sought a declaratory judgment that the Code was void and unenforceable as illegally enacted, an injunction prohibiting its enforcement, and attorney fees and costs.

The City answered, denying the plaintiffs' allegations. The City attached and incorporated by reference to its answer certified copies of the Code, the new zoning map, and the minutes of the two City Council meetings in which the Code and map were discussed and approved. Additionally, the City filed a motion for judgment on the pleadings in which it sought the dismissal of all of the plaintiffs' claims. The plaintiffs opposed the City's motion and filed a motion for interlocutory injunction to prohibit enforcement of the Code during the litigation.

After conducting a hearing, the trial court entered an order granting the City's motion for judgment on the pleadings on all of the plaintiffs' claims and denying the plaintiffs motion for an interlocutory injunction as moot. The trial court dismissed the

_____

[2] A third plaintiff named in the complaint has not filed an appearance in this appeal. The original complaint named additional defendants, but they were later dropped as parties in the plaintiffs' amended complaint.

plaintiffs' procedural due process claims on the ground that the ZPL provided the plaintiffs an adequate state remedy for any alleged failure by the City Council to provide them with sufficient notice and an opportunity to be heard before enacting the Code. The trial court dismissed the plaintiffs' ZPL claim on the ground that, based on the pleadings before the court (including the complaint, answer, and exhibits attached to the answer), the City had complied with the notice and public hearing requirements imposed by the ZPL in adopting the Code.

The plaintiffs contend on appeal that the trial court erred in entering judgment on the pleadings on their procedural due process claims.

> On appeal from a grant of judgment on the pleadings, we conduct a de novo review of the trial court's order to determine whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. The grant of a motion for judgment on the pleadings under OCGA § 9-11-12 (c) is proper only where there is a complete failure to state a cause of action or defense. For purposes of the motion, all well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. But the trial court need not adopt a party's legal conclusions based on these facts. . . . Moreover, in considering a motion for judgment on the pleadings, a trial court may consider exhibits attached to and incorporated into the pleadings, including exhibits attached to the complaint or the answer.

(Citations and punctuation omitted.) *Caldwell v. Church*, 341 Ga. App. 852, 855-856 (2), 857 (2) (a) (802 SE2d 835) (2017). Guided by this standard of review, we conclude that the trial court committed no error in dismissing the plaintiffs' procedural due process claims because Georgia's Zoning Procedures Law provided the plaintiffs with an adequate state remedy to cure alleged procedural irregularities in the City's adoption of the Code.

"Both the Georgia and Federal Constitutions prohibit the state from depriving any person of life, liberty, or property, without due process of law." (Citation and punctuation omitted.) *Atlanta City School Dist. v. Dowling*, 266 Ga. 217, 218 (466 SE2d 588) (1996). See U. S. Const. Amend. 14; Ga. Const. of 1983, Art. I, Sec. I, Par. I. "Due process of law as guaranteed by the Federal and State Constitutions includes notice and hearing as a matter of right where one's property rights are involved." *Dansby v. Dansby*, 222 Ga. 118, 120 (1) (149 SE2d 252) (1966). See *Sikes v. Pierce*, 212 Ga. 567, 568 (2) (94 SE2d 427) (1956) ("It is a prerequisite to the validity of a municipal ordinance that notice be given and an opportunity for a hearing be accorded to any one who has an interest or property right in the property which may be affected by the zoning regulation.") (citations and punctuation omitted). Personal notice to property owners is not required when a municipality adopts a new

6

comprehensive zoning plan; rather, notice by publication satisfies due process. See

*Turner v. City of Atlanta*, 257 Ga. 306, 306 (1) (357 SE2d 802) (1987); *Wilson v. City*

*of Snellville*, 256 Ga. 734, 735 (1) (352 SE2d 759) (1987); *Willingham v. White*, 229

Ga. 75, 77 (189 SE2d 442) (1972).

Furthermore, even if municipal officials initially fail to follow proper

procedures in adopting a zoning ordinance, that does not end the constitutional

inquiry in light of the adequate state remedy doctrine.

> Unlike a substantive due process claim, a constitutional violation of
> procedural due process is not complete unless and until the [s]tate fails
> to provide due process. . . . In other words, the state may cure a
> procedural deprivation by providing a later procedural remedy; only
> when the state refuses to provide a process sufficient to remedy the
> procedural deprivation does a constitutional violation [become]
> actionable[.]

(Citations, footnotes, and punctuation omitted.) *Dowling*, 266 Ga. at 218. See

*Gregory v. Sexual Offender Registration Review Bd.*, 298 Ga. 675, 690 (3) (784 SE2d

392) (2016); *Jones v. Chatham County*, 223 Ga. App. 455, 457 (3) (477 SE2d 889)

(1996). See also *Pryor Organization v. Stewart*, 274 Ga. 487, 491 (3) (554 SE2d 132)

(2001) ("An initial procedural violation can be cured by a subsequent procedural

remedy."). "It is the state's failure to provide adequate procedures to remedy the

otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." (Citation and punctuation omitted.) *Boatright v. Glynn County School Dist.*, 315 Ga. App. 468, 470 (1) (726 SE2d 591) (2012). The adequate state remedy doctrine applies equally to procedural due process claims under the Georgia Constitution. See *Joiner v. Glenn*, 288 Ga. 208, 209-210 (702 SE2d 194) (2010); *Camden County v. Haddock*, 271 Ga. 664, 665 (1) (523 SE2d 291) (1999). And under both constitutions, "[t]he focus of the procedural due process analysis is whether the state makes adequate procedures available – not whether the plaintiff takes advantage of those procedures and achieves a successful outcome." (Citation and punctuation omitted.) *Haddock*, 271 Ga. at 665 (1). See *Jones*, 223 Ga. App. at 457-458 (3).

Applying these principles, we conclude that Georgia's Zoning Procedures Law provided the plaintiffs with an adequate state remedy for alleged procedural irregularities in the City's adoption of the Code. The General Assembly's stated purpose for enacting the ZPL was "to assure that due process is afforded to the general public when local governments regulate the uses of property through the exercise of the zoning power." OCGA § 33-66-2. See *City of Roswell v. Outdoor Systems*, 274 Ga. 130, 131 (2) (549 SE2d 90) (2001). To that end, the ZPL

8

sets forth the requirements for a local government's enactment of a valid zoning ordinance. Prior to the adoption of a zoning ordinance the local government must provide a public hearing on the proposed ordinance and must advertise in a newspaper of general circulation the time, place, and purpose of the meeting.

*Mid-Ga. Environmental Mgmt. Group v. Meriwether County*, 277 Ga. 670, 673 (3) (594 SE2d 344) (2004). See OCGA § 36-66-4 (a).[3] If the local government fails to comply with the notice and hearing requirements imposed by the ZPL, an affected property owner can petition a court to have the zoning decision declared invalid. See *Tilley Properties v. Bartow County*, 261 Ga. 153, 154 (1) (401 SE2d 527) (1991); *McClure v. Davidson*, 258 Ga. 706, 710 (3) (373 SE2d 617) (1988). Thus, the ZPL provides a property owner adversely affected by the adoption of a zoning ordinance

---

[3] OCGA § 36-66-4 (a) provides:
A local government taking action resulting in a zoning decision shall provide for a hearing on the proposed action. At least 15 but not more than 45 days prior to the date of the hearing, the local government shall cause to be published within a newspaper of general circulation within the territorial boundaries of the local government a notice of the hearing. The notice shall state the time, place, and purpose of the hearing.
"Local government" is defined as "any county or municipality which exercises zoning power within its territorial boundaries." OCGA § 36-66-3 (1). A "zoning decision" is defined as a "final legislative action by a local government" that results in, among other things, "[t]he adoption of a zoning ordinance." OCGA § 36-66-3 (4) (A). See *Outdoor Systems*, 274 Ga. at 131 (2) .

9

with an adequate procedure to remedy the otherwise procedurally flawed deprivation of his or her property interests.

The plaintiffs argue, however, that the ZPL does not provide an adequate state remedy and cannot serve as a substitute for due process because it requires "mere notice of a hearing" and does not require local governments to provide property owners with a "meaningful opportunity to be heard." See *Edwards v. Lewis*, 280 Ga. 441, 441 (629 SE2d 248) (2006) (the "essence of due process is a meaningful opportunity to be heard") (citation omitted). We are unpersuaded.

As previously noted, the ZPL requires that a local government conduct a public hearing on a proposed zoning ordinance before its adoption. See OCGA § 36-66-4 (a)*; Mid-Ga. Environmental Mgmt. Group*, 277 Ga. at 673 (3); *Tilley Properties*, 261 Ga. at 153-154 (1). Furthermore, the ZPL provides that

> [l]ocal governments shall adopt policies and procedures which govern calling and conducting [zoning] hearings . . . , and printed copies of such policies and procedures shall be available for distribution to the general public. Such policies and procedures shall specify a minimum time period at hearings on proposed zoning decisions for presentation of data, evidence, and opinion by proponents of each zoning decision and an equal minimum time period for presentation by opponents of each proposed zoning decision, such minimum time period to be no less than ten minutes per side.

OCGA § 36-66-5 (a). See *Tilley Properties*, 261 Ga. at 154 (1). And, if the local government fails to conduct a public hearing in accordance with the ZPL before passing a zoning ordinance, aggrieved property owners may sue to have the ordinance declared invalid on that basis. See id. at 153-154 (1). Hence, contrary to the plaintiffs' argument, the ZPL requires local governments to provide property owners with a meaningful opportunity to be heard before enacting a zoning ordinance, not simply mere notice of a hearing.

For these combined reasons, the ZPL provided the plaintiffs with an adequate state remedy to the extent that the City deprived them of proper notice and hearing in adopting the Code, and, therefore, the plaintiffs cannot succeed on their procedural due process claims as a matter of law.[4] Consequently, the trial court did not err in granting the City's motion for judgment on the pleadings on the plaintiffs' procedural due process claims under the United States and Georgia Constitutions.

*Judgment affirmed. Rickman and Self, JJ., concur.*

---

[4] The trial court also granted the City's motion for judgment on the pleadings on the plaintiffs' ZPL claim, but the plaintiffs do not challenge that ruling on appeal and in fact concede in their brief that "the ZPL was followed" by the City. Moreover, as noted above, the adequate state remedy analysis is centered on whether the state made available adequate procedures, not on whether the plaintiffs ultimately achieved a successful result based on those procedures. See *Haddock*, 271 Ga. at 665 (1); *Jones*, 223 Ga. App. at 457-458 (3).

11