39781. TRI-STATE BUILDING & SUPPLY, INC. v. REID, ADMINISTRATOR, OFFICE OF CONSUMER AFFAIRS.

HILL, Chief Justice.

Pursuant to OCGA § 10-1-403 (a) (Code Ann. § 106-1213), Barry W. Reid, the Administrator of the Office of Consumer Affairs, issued an administrative subpoena or investigative demand to Tri-State Building & Supply, Inc., requesting the production of certain information and documents. Tri-State responded by filing an action to quash the demand pursuant to OCGA § 10-1-403 (c) (Code Ann. § 106-1213). The trial court granted the Administrator's motion for summary judgment, and Tri-State filed this appeal. The Administrator has filed a motion to dismiss the appeal or, alternatively, to transfer the case to the Court of Appeals.

As a preliminary matter, we note that Tri-State asserts that jurisdiction over this appeal lies in this court because it challenged the constitutionality of a state statute before the trial court and is appealing the trial court's adverse ruling. Pretermitting any issue as to whether that challenge is adequately presented to raise a constitutional issue, we agree that jurisdiction of the appeal lies in this court.

We next consider the Administrator's motion to dismiss the appeal. The Administrator first contends that the administrative proceeding has not been concluded and thus the judgment is not final. See OCGA § 5-6-34 (a) (1) (Code Ann. § 6-701). However, the plaintiff's complaint for an order setting aside or modifying the investigative demand, OCGA § 10-1-403 (c) (Code Ann. § 106-1213), supra, has been terminated by the grant of the Administrator's motion for summary judgment. Hence, the judgment upon this

statutory complaint is final and therefore is appealable.

The Administrator also moves to dismiss the appeal on the basis that this is an appeal from a decision of the superior court reviewing a decision of a state administrative agency and no application to appeal as required by OCGA § 5-6-35 (Code Ann. § 6-701.1) has been made. Tri-State argues that the issuance of an investigative demand is not a "decision" of an administrative agency within the meaing of OCGA § 5-6-35 (a) (Code Ann. § 6-701.1), in that no "decision" on the merits has been made by the agency. We disagree.

By providing for a complaint for an order modifying or setting aside an investigative demand, OCGA § 10-1-403 (c) (Code Ann. § 106-1213), supra, the General Assembly has provided for review by the superior courts of the issuance of such investigative demands. For us to conclude that, following review by the superior court, the agency's decision to issue an investigative demand is appealable as a matter of right, but the agency's decision on the merits is appealable only by application, would be contrary to the clear purpose of OCGA § 5-6-35 (Code Ann. § 6-701.1) to permit the appellate courts to expeditiously review decisions of the superior courts reviewing decisions of administrative agencies without issuing an opinion in every such case. See *Citizens &c. Nat. Bank v. Rayle,* 246 Ga. 727, 730 (273 SE2d 139) (1980). We therefore hold that the agency's decision to issue an investigative demand is a decision of an administrative agency within the meaning of OCGA § 5-6-35 (a) (Code Ann. § 6-701.1) and that this appeal should be dismissed for failure to comply with the requirements of that Code section.

*Appeal dismissed. All the Justices concur.*

DECIDED MAY 12, 1983.

*Bischoff, White & Archer, James A. White, Jr.,* for appellant.
*Michael J. Bowers, Attorney General, Michael S. Rosenthal, Assistant Attorney General,* for appellee.