# Court of Appeals
# of the State of Georgia

ATLANTA, September 15, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1976. RESERVATION SERVICES GROUP, LLC v. STATE OF GEORGIA.**

The State of Georgia, acting through the Governor's Office of Consumer Protection, served an investigative demand on Reservation Services Group, LLC ("RSG"), a Florida company, pursuant to OCGA § 10-1-403 (a). RSG refused to comply with the demand. The State then filed a petition in superior court to compel compliance with the investigative demand pursuant to OCGA § 10-1-404 (b). The superior court granted the petition, and RSG appealed directly to this Court.

The State has moved to dismiss the appeal on the ground that RSG could obtain appellate review only by filing an application for discretionary appeal under OCGA § 5-6-35 (a) (1). That Code section requires a discretionary application in "[a]ppeals from decisions of the superior courts reviewing decisions of . . . state and local administrative agencies." In *Tri-State Building & Supply v. Reid*, 251 Ga. 38 (302 SE2d 566) (1983), the Supreme Court held that an investigative demand is a "decision" of a state agency, and that a superior court's review of that decision must, therefore, be appealed by discretionary application. RSG argues that *Tri-State* does not apply because there, the defendant filed an action in superior court to quash the investigative demand, whereas here, the State filed an action to compel compliance with the demand. This is a distinction without a difference; in both cases, the superior court reviewed a decision of a state agency.

Based on the Supreme Court's controlling decision in *Tri-State*, the State's motion to dismiss is GRANTED and this appeal is hereby DISMISSED for lack of jurisdiction due to RSG's failure to comply with the discretionary appeal procedure. Our previous order granting oral argument in this case is vacated.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* <u> 09/15/2014 </u>
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*