**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 1, 2016**

# In the Court of Appeals of Georgia

A15A2311. FINANCIAL EDUCATION SERVICES, INC. v.
    STATE OF GEORGIA ex rel. JOHN D. SOURS.

MCFADDEN, Judge.

Financial Education Services, Inc. filed this direct appeal of a superior court order compelling it to comply with an investigative demand issued by the Governor's Office of Consumer Affairs. We conclude that under binding Georgia Supreme Court authority, that demand constitutes the decision of an "administrative agency" for the purpose of OCGA § 5-6-35 (a) (1), and consequently that Financial Education Services was required by that provision to apply for a discretionary appeal. Because it did not do so, we lack jurisdiction over the appeal, and must therefore dismiss.

At the time relevant to this appeal John D. Sours was the administrator of the Fair Business Practices Act of 1975, OCGA § 10-1-390 et seq., which he enforced as

director of the Governor's Office of Consumer Affairs.[1] After receiving complaints alleging that Financial Education Services was illegally selling credit repair services, see OCGA §§ 10-1-393 (a) and 16-9-59, Sours issued an investigative demand to the company under former OCGA § 10-1-403 (a), seeking information and documents.

Financial Education Services submitted what Sours determined to be an incomplete response to the investigative demand. Sours directed Financial Education Services to comply fully with the investigative demand by a certain deadline. Instead of complying, Financial Education Services submitted a formal response, asserting various defenses, including that the information Sours requested encompassed protected trade secrets. Sours disputed Financial Education Services's characterization of the information and directed it to comply fully by a new deadline. He warned that should Financial Education Services fail to comply, he would ask the

[1] Effective July 1, 2015, after entry of the superior court's order and the filing of Financial Education Services's notice of appeal, the General Assembly amended Title 10 to assign the powers and responsibilities of what had been the Governor's Office of Consumer Affairs to the attorney general. See Ga. L. 2015, p. 1088, § 2. The office is now known as the Consumer Protection Unit; and the attorney general, rather than the agency head, is now administrator of the Act. As a consequence, the attorney general was substituted for Administrator Sours as the named defendant. OCGA § 9-11-25 (d). See also *State of Georgia v. Sun States Ins. Group*, 332 Ga. App. 197 n.3 (770 SE2d 43) (2015).

attorney general to file a motion to compel on his behalf. Financial Education Services responded again, reiterating its objections.

The attorney general, on behalf of Sours, filed in superior court an application for an order compelling compliance with the investigative demand, and Financial Education Services filed a motion for protective order or, in the alternative, motion to quash. The superior court conducted a hearing, determined that Financial Education Services's objections lacked merit, and thus ordered it to produce the requested information within 21 days of the order.

Financial Education Services filed this direct appeal. The attorney general moved to dismiss the appeal, arguing that Financial Education Services was required to follow the discretionary appeal procedure of OCGA § 5-6-35. We agree, and the motion is granted.

With some limited exceptions, to appeal a decision of a superior court reviewing a decision of a state administrative agency, a party must file an application for discretionary appeal with the appellate court. OCGA § 5-6-35 (a) (1). And in *Tri-State Bldg. & Supply v. Reid*, 251 Ga. 38, 39 (302 SE2d 566) (1983), our Supreme Court held that an "agency's decision to issue an investigative demand is a decision of an administrative agency within the meaning of OCGA § 5-6-35 (a)."

3

As in the instant case, *Tri-State* involved an investigative demand issued under OCGA § 10-1-403 (a) of the Fair Business Practices Act. Nonetheless, Financial Education Services argues that *Tri-State* is distinguishable because there, the subject of an investigative demand filed an action in superior court to quash the demand, whereas here, the attorney general filed an action to compel compliance with the demand. This is a distinction without a difference; in both cases, the superior court reviewed a decision of a state agency. "OCGA § 5-6-35 (a) (1) . . . applies to appeals from the superior court's 'review' of an administrative agency decision, however that judicial review is sought." *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012) (citation, punctuation, and emphasis omitted).

Financial Education Services also argues that *Tri-State* was wrongly decided in that it ignores the rationale behind OCGA § 5-6-35 (a) (1): that once two tribunals have already heard a matter, a party must apply for an appeal. "But this [c]ourt has no authority to overrule or modify a decision made by the Supreme Court of Georgia, as '[t]he decisions of the Supreme Court shall bind all other courts as precedents.'" *Pak v. Ga. Dept. of Behavioral Health & Developmental Disabilities*, 317 Ga. App. 486, 488 (731 SE2d 384) (2012) (quoting Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI). We are bound by *Tri-State*. And that binding authority dictates that the issuance of

4

an investigative demand is an administrative agency decision subject to the discretionary appeal procedure of OCGA § 5-6-35 (a) (1), even if two tribunals have not adjudicated the matter. See also *Roy E. Davis & Co. v. Dept. of Revenue*, 256 Ga. 709 (353 SE2d 195) (1987) (denying reconsideration of dismissal of appeal involving agency's refusal to issue corporate certificate of registration); *Strohecker v. Gwinnett County Police Dept.*, 182 Ga. App. 853 (357 SE2d 305) (1987) (dismissing appeal involving refusal to expunge criminal records).

Finally, Financial Education Services argues that the discretionary appeal statute does not apply because the administrator of the Fair Business Practices Act, not an administrative agency, issued the investigative demand. "An administrative agency is a governmental authority, other than a court and other than a legislative body, which affects the rights of private parties through either adjudication or rulemaking." *Dept. of Transp. v. Del Cook Timber Co.*, 248 Ga. 734, 739 (3) (e) (285 SE2d 913) (1982) (citation, punctuation, and emphasis omitted). The administrator of the Fair Business Practices Act served this function under former OCGA § 10-1-404 (a). And we note that in this regard, this case is no different than *Tri-State*; both here and there, the investigative demand was issued by the administrator of the Fair Business Practices Act.

*Appeal dismissed. Ellington, P. J., and Dillard, J., concur.*