**FIFTH DIVISION**
**RICKMAN, C. J.,**
**McFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 19, 2021**

# In the Court of Appeals of Georgia

A21A1621. HAIR RESTORATION SPECIALISTS, INC. d/b/a HAIR RESTORATION SPECIALISTS OF ATLANTA v. STATE OF GEORGIA.

McFADDEN, Presiding Judge.

Hair Restoration Specialists, Inc. d/b/a Hair Restoration Specialists of Atlanta filed this direct appeal to challenge the superior court's order compelling it to comply with an investigative demand issued by the Attorney General's Consumer Protection Division pursuant to the Fair Business Practices Act, OCGA § 10-1-404 (b). Under O.C.G.A. § 5-6-35 (a) (1) "[a]ppeals from decisions of the superior courts reviewing decisions of [] state and local administrative agencies" must be taken by discretionary application. Our Supreme Court has held that an "agency's decision to issue an investigative demand is a decision of an administrative agency within the meaning of OCGA § 5–6–35(a). " *Tri–State Bldg. & Supply v. Reid*, 251 Ga. 38, 39 (302 SE2d

566) (1983). Hair Restoration argues that, as a consequence of subsequent legislation transferring responsibility for administering the Act from the Governor's Office of Consumer Affairs to the office of the Attorney General, such investigative demands are no longer decisions of a state administrative agency under O.C.G.A. § 5-6-35 (a) (1). We disagree. "An administrative agency is a governmental authority, other than a court and other than a legislative body, which affects the rights of private parties through either adjudication or rulemaking." *Fin. Educ. Servs., Inc. v. State ex rel. Sours*, 336 Ga. App. 606, 608–09, 785 SE 2d 544, 547 (2016) citing *Dept. of Transp. v. Del–Cook Timber Co.*, 248 Ga. 734, 739(3)(e), 285 SE 2d 913 (1982). Because Hair Restoration failed to file an application for discretionary appeal under OCGA § 5-6-35 (a) (1) (b) we lack jurisdiction and this appeal must be dismissed.

The Attorney General's Consumer Protection Division launched an investigation to determine whether Hair Restoration has engaged in acts and practices that violate the The Act. Pursuant to OCGA § 10-1-403 (a), the Attorney General issued an investigative demand requesting the production of certain information and documents. Hair Restoration provided incomplete responses and objected to the request for the consumer information. After efforts to obtain the consumer information failed, the Attorney General filed a petition for an order compelling

2

compliance with the investigative demand in accordance with OCGA § 10-1-404 (a). The superior court granted the petition. Hair Restoration then filed this appeal.

To appeal a decision of a superior court reviewing a decision of a state administrative agency, a party must file an application for discretionary appeal with the appellate court. See OCGA § 5-6-35 (a) (1). This issue is controlled by the prior decisions of *Tri-State Bldg. & Supply v. Reid*, 251 Ga. 38, 39 (302 SE2d 566) (1983), and *Financial Education Servs., Inc. v. State of Ga.*, 336 Ga. App. 606, 608 (785 SE2d 544) (2016), holding that an "agency's decision to issue an investigative demand is a decision of an administrative agency within the meaning of OCGA § 5-6-35 (a)." In *Financial Education Servs*., as here, the case stemmed from the issuance of an investigative demand and the Attorney General's filing of a petition for an order compelling compliance with the investigative demand under the The Act. In that context, we held that the procedures for a discretionary appeal under OCGA § 5-6-35 (b) applied. See *Financial Education Servs*., 336 Ga. App. at 608.

Hair Restoration nevertheless contends that *Tri-State* and *Financial Education Servs*. are no longer binding authorities since those decisions were rendered before the General Assembly's amendment to Title 10, effective July 1, 2015, which substituted the Attorney General as the administrator of the The Act in lieu of the

3

former Governor's Office of Consumer Affairs.[1] See Ga. L. 2015, p. 1088, § 2. Currently, OCGA § 10-1-395 (a) provides that "[t]he Attorney General shall have the necessary powers and authority to carry out the duties vested in him or her pursuant to [the The Act]." Pursuant to the amendment, the Attorney General became the administrator of the The Act and was vested with essentially the same authority and duties that had been bestowed upon the former administrator. See OCGA § § 10-1-394 (a) ("The Attorney General is authorized to adopt reasonable rules, regulations, and standards appropriate to effectuate the purposes of this part and prohibit specific acts or practices that are deemed to be a violation of this part."); 10-1-403 (a) (authorizing the Attorney General to investigate and issue investigative demands); 10-1-404 (a), (b) (authorizing the Attorney General to conduct hearings in aid of any investigation, to promulgate rules and regulations, and to apply to the superior court for an order compelling compliance with its investigative demands). So the Attorney General's office, as the administrator of the The Act, functions as an administrative agency in this context. See *Financial Education Servs.*, 336 Ga. App. at 608-609

---

[1] While this Court recognized the statutory amendment in *Financial Education Servs.*, we explained that it was not applicable in that case because the court's order and the notice of appeal preceded the amendment's July 15, 2015 effective date. See *Financial Education Servs.*, 336 Ga. App. at 607 n.1. Under the Attorney General, the office is now known as the Consumer Protection Division.

(holding that the administrator of the The Act served the function of an administrative agency under former OCGA § 10-1-404 (a)). Because the statutory amendment did not alter the relevant administrative procedure addressed in *Tri-State* and *Financial Education Servs.*, those decisions still apply.

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Hair Restoration's failure to follow the proper procedure deprives us of jurisdiction over this appeal. As a result, this appeal must be dismissed.[2]

*Appeal dismissed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[2] The State filed a motion to dismiss raising the jurisdictional ground addressed herein. The State's motion is granted. Although we previously granted extensions of time for Hair Restoration to file an appellate brief and a request for oral argument, the dismissal of this appeal renders those orders moot.