# Court of Appeals
# of the State of Georgia

ATLANTA,  September 09, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1635. NEW GEORGIA PROJECT, INC. et al. v. GEORGIA GOVERNMENT TRANSPARENCY AND CAMPAIGN FINANCE COMMISSION.**

The Georgia Government Transparency and Campaign Finance Commission ("the Commission") is investigating New Georgia Project, Inc. and New Georgia Project Action Fund, Inc. (collectively, "Appellants") for alleged violations of the Ethics in Government Act. In connection with the investigation, the Commission issued subpoenas to Wells Fargo Bank for Appellants' bank records. Appellants filed motions to quash the subpoenas in superior court, arguing that they were overly broad and that disclosure of the requested information would violate the rights of Appellants' donors. The superior court denied the motions, and Appellants filed this direct appeal. The Commission has moved to dismiss the appeal, arguing that Appellants were required to file an application for discretionary review under OCGA § 5-6-35 (a) (1). For reasons that follow, we agree with the Commission.

OCGA § 5-6-35 (a) (1) requires a discretionary application to appeal "decisions of the superior courts reviewing *decisions* of . . . state and local administrative agencies . . . by certiorari or de novo proceedings[.]" (Emphasis supplied.) In *Tri-State Bldg. & Supply v. Reid*, 251 Ga. 38 (302 SE2d 566) (1983), the Georgia Supreme Court held that an administrative subpoena is a "decision" within the meaning of this statute. In that case, Tri-State filed in the superior court a motion to quash an "administrative subpoena or investigative demand" that had been served upon it by a state agency. Id. at 38. The superior court ruled in favor of the agency, and Tri-State appealed directly to the Supreme Court. The Supreme Court dismissed

the appeal, ruling that a discretionary application was required under OCGA § 5-6-35 (a) (1). The Court rejected Tri-State's argument that the issuance of an administrative subpoena or investigative demand was not a "decision" of a state agency within the meaning of the statute because it was not a resolution of the merits. Id. at 38-39. See also *Financial Educ. Svcs. v. State*, 336 Ga. App. 606 (785 SE2d 544) (2016) (dismissing direct appeal from superior court order compelling compliance with state agency's investigative demand because discretionary application was required under OCGA § 5-6-35 (a) (1)).

In seeking to quash the Commission's subpoenas, Appellants asked the superior court to review the "decision" of a state agency. See *Tri-State*, 251 Ga. at 38-39 (agency's issuance of "administrative subpoena or investigative demand" was a "decision" under OCGA § 5-6-35 (a) (1)). Therefore, pursuant to OCGA § 5-6-35 (a) (1), Appellants may appeal the superior court's ruling only by filing an application for discretionary appeal. See *Tri-State*, 251 Ga. at 38-39; *Financial Educ. Svcs.*, 336 Ga. App. at 608.

Appellants argue that a direct appeal is permitted under *Hickey v. RREF BBB SBL Acquisitions*, 336 Ga. App. 411 (785 SE2d 72) (2016). In *Hickey*, we held that the collateral order doctrine permitted a direct appeal from "a discovery order directed at a disinterested third party." Id. at 413 (1) (punctuation omitted). But *Hickey* did not involve an administrative subpoena issued in connection with a state agency investigation. Nothing in *Hickey* absolves Appellants from complying with the discretionary appeal procedure under OCGA § 5-6-35 (a) (1).

Appellants also argue that the *Tri-State* and *Financial Education Services* cases are distinguishable because they involved subpoenas issued directly to the subjects of the administrative investigations, not to a disinterested third party, as is the situation here. That distinction, however, appears to be one without a difference. OCGA § 5-6-35 (a) (1) requires a discretionary application where the superior court has reviewed a state agency's decision—here, the issuance of administrative subpoenas. Appellants fail to show how it matters, for appellate jurisdictional purposes, to whom the subpoena was issued.

Finally, Appellants contend that Wells Fargo Bank has no incentive to resist the subpoenas, and, thus, a direct appeal is necessary here so that Appellants may protect their donors' rights. However, Appellants were able to challenge the subpoenas by filing motions to quash in superior court, see OCGA § 7-1-360 (c), and they had the right to seek appellate review of the superior court's adverse ruling by filing an application for discretionary appeal. The result would be the same if the subpoenas had been issued directly to Appellants. See *Tri-State*, 251 Ga. at 38-39; *Financial Educ. Svcs.*, 336 Ga. App. at 608.

For these reasons, the Commission's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __*09/09/2021*__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*